**MORTON MILLER, by his next friend and father, HARRY MILLER and HARRY MILLER, individually, v. ARTHUR A. UNGAR, doing business as Ungar Buick Company.**

5 So. (2nd) 598                 En Banc
December 16, 1941     Rehearing Denied January 28, 1942

Murrell & Malone, Arnold Rubin and L. J. Cushman, for appellants.

Edward E. Fleming, for appellee.

ADAMS, J:

This is an appeal from a judgment for the defendant based on a jury verdict in an action of tort.

The question is whether the Court erred by refusing to charge on the doctrine of last clear chance.

The plaintiff, an eleven year old boy, sought recovery on the following facts. Plaintiff was riding a bicycle on one of the busy streets of the City of Miami. Defendant's truck was being operated in the same direction at approximately five miles per hour. It was raining. The left window of the truck was closed making visibility poor to the driver, except

straight ahead. Two motorcycles were being towed behind the truck. A helper was on the truck to assist in towing the motorcycles. Plaintiff's bicycle passed the truck while it temporarily stopped and started to cross to the curb on the right. Plaintiff glanced back at the then approaching truck and becoming fearful whether he had time to cross in front attempted to turn back to the left and in his confusion fell to the street.

According to the witnesses the distance from the plaintiff to the truck at the time of plaintiff's fall varied from two to ten feet. The driver of the truck did not see plaintiff before the injury. The helper on the truck called the driver's attention by telling him to stop; that he had run over a little girl. The driver stopped so quickly that the rear wheel did not pass over the plaintiff. The front wheel ran over plaintiff's leg.

Pleas of not guilty and contributory negligence were filed. The Court did not charge on the doctrine of last clear chance.

The doctrine of last clear chance is recognized in this State, Davis v. Cuesta, 146 Fla. 471, 1 So. (2nd) 475; Merchants' Transportation Company v. Annie Daniel, 109 Fla. 496, 149 So. 410; Dunn Bus Service, Inc., v. Oradelle McKinley, 130 Fla. 778, 178 So. 865; Miami Beach Railway Company v. Paul E. Dohme, 131 Fla. 171, 179 So. 166; Charles H. Lindsay v. Mrs. M. J. Thomas, 128 Fla. 293, 174 So. 418; Jacob Becker v. Louis Blum, 142 Fla. 60, 194 So. 275.

It is the duty of the court to charge the jury on all questions of law growing out of the facts insofar as they correspond to the pleadings. We have heretofore held that special pleadings are unnecessary to

invoke the doctrine of last clear chance. Dunn Bus Service, Inc., v. McKinley, supra. The plaintiff's theory of the case was, that while he might have been negligent in getting himself in a helpless and dangerous position, yet he would have escaped injury had the driver of the truck been exercising lawful care.

Considering the entire evidence we hold it sufficient to submit plaintiff's theory of the case to the jury. The plaintiff's contention is one recognized by law and all parties have a right to have the jury instructed thereon. In this case proper request was made and refused.

It is said that the charge was properly refused under authority of Davis v. Cuesta, supra. The distinction is not difficult. Davis' negligence as a matter of law continued until the impact. In the case at bar the jury should be permitted to determine whether plaintiff's negligence ceased when he fell to the street.

It is unnecessary to pass on the other assignments of error.

Reversed.

WHITFIELD, TERRELL, BUFORD, and CHAPMAN, JJ., concur.

BROWN, C. J., and THOMAS, J., dissent.

BROWN, C. J., dissenting:

Before it became the duty of the trial judge to charge the jury on the doctrine of the last clear chance, I think the burden was upon the plaintiff to introduce evidence showing, or tending to show, that the defendant's driver of the wrecker-truck either saw, or (in the exercise of proper care) ought to have seen, the plaintiff's perilous position. The burden of proof was upon the plaintiff, in this respect, and on

this testimony, I do not believe that the plaintiff bore that burden.

THOMAS, J., concurs.