KATIE WILLIAMS, widow of Milton Williams, deceased, v. RANDY SAULS, an individual, doing business as Capital Cab Company.

9 So. (2nd) 369                                              Division A
July 31, 1942

Thomas J. Ellis and C. N. Ashmore, for plaintiff in Error.

Keen & Allen, J. Velma Keen, Wm. P. Allen and A. Frank O'Kelley, Jr., for defendant in error.

ADAMS, J.:

Final judgment for defendant on a jury verdict is before us for review. The action is in tort for the alleged negligent killing of plaintiff's husband, a pedestrian, by defendant's automobile. The case was tried on declaration plea of not guilty and contributory negligence.

Plaintiff claims error in the refusal to charge on the last clear chance rule. Defendant says there was no actionable negligence proven hence the asserted error, if any, was harmless. We must therefore first determine whether plaintiff made a case sufficient to go to the jury. If so then whether the case was such as to require a charge on the doctrine of last clear chance.

In our consideration of these questions we must view the evidence in its most favorable light to the plaintiff.

The scene of the tragedy was on a paved state road near the City limits of Tallahassee at a point where Satsuma Avenue traverses the highway. The time was Saturday night. Filling stations and country stores were located at the corner of the intersection. Visibility was sufficient for defendant driver to see deceased nearly a quarter of a mile away, standing within about three feet of the paved highway. The lights, brakes and general condition of the car was good. The speed of the car was fixed at from 35 to 50 miles per hour. From the point of impact to where deceased's body came to rest was 82½ feet and 13 feet off the side of the highway. There were no skid marks indicating that the brakes were applied. The car came to a stop 210 feet from the point of impact. Deceased was attempting to cross from south to north. The highway was 18 feet wide and his body collided with the car when he was 3 feet from the north side. The driver of the car said he was driving from 40 to 45 miles per hour and had seen deceased standing beside the road since he came in sight and when he was within about 35 feet away deceased started to cross ahead of him; that deceased hesitated in the middle of the road. Other witnesses said deceased stopped in the middle of the road and looked back, having one foot on each side of the line in the center of the road. The driver also said he did not have time to apply his brakes but said, "I gradually touched my brakes. I didn't touch them hard enough to turn me over and wreck me; I applied them gradually so I wouldn't turn myself over trying to miss him, trying to stop." The driver said he swerved to the left and struck deceased with his right fender and bumper. Plaintiff's expert witness said a car traveling at the speed of this could

be stopped at the ratio of one foot per mile of speed; that is if the speed were 40 miles per hour it could have been stopped within forty feet, assuming the brakes were in good condition. Before charging the jury both parties presented numerous special charges, among plaintiff's was one on the doctrine of last clear chance. The latter was refused. When the trial judge had finished charging the jury plaintiff requested the following charge:

"That the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequence of the injured party's negligence. The doctrine really means, however, that even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and an injury results, the injured person is entitled to recover."

Which was denied because:

"The requested instruction having been submitted at a time when the court had already concluded with its general instructions and with all other requested instructions, and the plaintiff having already submitted numerous requested instructions, a great many of which having been given by the court, and it appearing to the court that the requested instruction last mentioned came at a time too late to be considered, and therefore it would not be conducive to the ends of justice to so consider the same, much less to give the same to the jury. The same is accordingly therefore denied, . . ."

We revert now to the question of whether the plaintiff made a case sufficient to go to the jury. This

Court is committed to the rule in Moore v. Diethrich, 133 Fla. 809, 183 So. 2:

"A verdict for the defendant should never be directed by the court unless it is clear that there is no evidence whatever adduced that would in law support a verdict for the plaintiff. If the evidence is conflicting, or will admit of different reasonable inferences, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. See Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433."

This rule was again approved in The Mutual Life Ins. Co. of New York v. Bell, et al., 147 Fla. 734, 3 So. (2nd) 487. Taking into consideration the speed of the car, the physical facts detailed above and all circumstances, we think under the law the plaintiff made a case for the jury.

Passing now to the plaintiff's claim that the court erred in failing to charge on the last clear chance rule. The gist of the rule is that the jury ascertain whose negligent act was the immediate cause of the injury. The commission of the last or immediate negligent act renders all antecedent acts of negligence remote and immaterial. Fla. Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 So. 31; Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Davis v. Cuesta, 146 Fla. 471, 1 So. (2nd) 475; Miller v. Ungar, 149 Fla. 79, 5 So. (2nd) 598. In Davis v. Cuesta supra we

approved the refusal of this charge because the plaintiff's own testimony showed a violation of the criminal law which made a prima facie case of negligence and too, that his negligence in fact existed and continued until the collision, and for that reason there was no fact to submit to the jury. In Miller v. Ungar supra we had a very similar case to this one before us. We held there in effect that each party has a right to have the jury instructed on his theory of the case, when there is a proper predicate laid in the pleadings and there is substantial evidence to support his or her contention. Here the jury might place the blame on either party. The Court's charge was correct and full on negligence and contributory negligence but wholly silent on this phase of the case.

We do not understand how or in what manner the ends of justice were served by refusing a proper and necessary charge before the jury retired. The trial judge was evidently of the opinion then as he was when he overruled the motion for a new trial: that no verdict for plaintiff could be upheld. Under the charge as given the jury could and no doubt did conclude that deceased negligently entered the road, and that such negligence contributed to his injury. The very claim of the benefit of this doctrine however is to admit a wrongful act in getting into a perilous position. If he is to remain bound by the original wrong then, he is deprived entirely of the benefit of relief for defendant's wrongful act which may be the immediate cause of the injury.

The judgment is reversed for a new trial.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.