**B. L. SATER v. STENOR, INC., a Florida Corporation, and SIDNEY STEARNS.**

35 So. (2nd) 584                              January Term, 1948
June 1, 1948                                           Division A

*G. A. Worley* and *Jack Kehoe,* for appellant.
*Hoffman & Durant,* for appellees.

TERRELL, J.:

By her amended declaration B. L. Sater sued Stenor, Inc., a Florida Corporation and Sidney Stearns in a law action to recover a commission for the sale of real estate. At the conclusion of all the testimony motion for directed verdict in favor of defendant was granted, final judgment was entered and the plaintiff appealed.

The record discloses that appellees listed certain property in Miami Beach, known as the Village Hotel Properties, with appellant for sale at a stated consideration. Appellant contacted Irving Greenfield, who made an offer to purchase the property, for less than the price for which it was listed. Appellees first agreed to sell at the price offered, then declined to sell, but later entered into an agreement with Greenfield for

a ninety-nine year lease on the property. After negotiation Greenfield the lessee agreed to advance $12,000. for payment of Sater's commission on condition that it be credited on his lease rentals over a period of years. Before the transaction was completed appellees again changed their minds and refused to execute the ninety-nine year lease.

The declaration was in five counts. The first count for commission on the sale was abandoned, the second count claimed $12,000. commission for procuring a lessee ready, able and willing to lease the property for ninety-nine years, the third, fourth and fifth counts were Common Counts in assumpsit. The case went to trial on the plea of never was indebted to the Common Counts and the following pleas to the second count: (1) Did not promise as alleged. (2) Plaintiff is not a qualified real estate broker. (3) Defendants did not list the property with appellant for lease. (4) Greenfield did not agree to lease the property. (5) Greenfield was not ready, able and willing to lease the property, and (6) defendants did not agree to pay plaintiff for finding a lessee ready, able and willing to lease. At the trial the plaintiff offered evidence to prove the allegation of the declaration. Defendants put in evidence a copy of the proposed ninety-nine year lease and rested. A motion for directed verdict in favor of defendants was granted and the plaintiff appealed.

Appellees contend that the final judgment should be affirmed because there was a fatal variance between the allegations of the declaration and the proof, in that, (1) the declaration seeks to recover commission from the lessors while the proof showed that the lessee agreed to pay the commission. (2) The terms of the ninety-nine year lease agreed on were different from the terms of the lease made a part of the declaration. (3) The declaration claimed damages against defendants jointly, but the proof failed to show any liability on the part of the defendant Stearns.

In support of the last contention, appellees rely on Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 859, wherein we held that when two parties are sued jointly ex contractu the proof must show a joint and not a several liability. It appears however, that this rule was later changed by section 45.08, Florida

Statutes 1941, which provides in effect that the court may order the name of any misjoined defendant stricken any time before trial on such terms as he may deem proper. Meyer v. Mator Holding Co., 102 Fla. 689, 136 So. 636. No motion or reason was presented at the time for striking the name of either defendant.

In answer to the second contention it is sufficient to say that there was, in substance, no material difference between the lease agreed on and the one quoted in the declaration.

The first ground urged for affirming the final decree had to do with whether the lessors or the lessee agreed to pay the commission. The evidence on this point would seem to indicate that Stearns agreed to pay the commission and that Greenfield agreed to advance it to Stearns on condition that it was returned to him over a period of years in reductions on lease rentals. There is a clear showing that appellant produced Greenfield as a lessee and that he was ready, able and willing to lease the premises at the price agreed on. If Greenfield agreed to advance the money to pay the commission and the appellees or either of them agreed to pay it, the question presented was one for the jury to determine. At any rate, the evidence is such that different reasonable inferences might be drawn from it and when this is the case, it should not be taken from the jury. Williams v. Sauls, 151 Fla. 270, 9 So. (2nd) 369.

The judgment is accordingly reversed and a new trial awarded.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.