SANDLER, Associate Justice.
Gus Johns, plaintiff in the lower Court, sued the railroad company for in *399 juries sustained by him claimed to have been inflicted by negligent operation of one of its passenger trains. The case went to trial before a jury on the issues made by the complaint and the denial by the defendant of the negligence charged against it. The collision took place at a railroad crossing in the City of Fort Lauderdale. No useful purpose would be served by a recital of the testimony. It is sufficient to say that it contains all of the usual conflicts in the testimony in cases of this kind so as to make it a question for the jury to determine who was negligent. There was no error in the Court’s denial of the motion for directed verdict either at the conclusion of the plaintiff’s case or at the close of all the testimony.
The rule is well settled that in passing upon a single instruction such instruction must be considered in the light of all other instructions given and bearing upon the subject and, if when so considered, the law appears to have been fairly presented to the jury, the assignment based on the instruction or charge must fail. It is not necessary that a single instruction contain all the law relating to the particular subject treated therein as each instruction must be considered in connection with all other instructions bearing on the same subject.
It is next contended that when the Judge announced in open Court to the jury panel that there would be a slight delay because counsel for both parties were trying to settle the case it was error to deny the defendant’s motion for a mistrial, it being the appellant’s contention that this was interpreted by the jury as the admission of liability on the part of the defendant in the lower Court. There is nothing in the record to suggest such assumption. It could just as well have been interpreted as a sign of weakness on the part of' the plaintiff. It is true that an offer of compromise made by one party to another is not admissible in evidence, but no such offer was made in the presence of the panel, nor was the panel advised of any such offer. While it is the better practice not to advise the jury of any attempts at settlement, there is nothing in the record to suggest that either party was prejudiced by the statement of the Court.
This brings us to the next assignment of error that the verdict of the jury was excessive under the comparative negligence doctrine. We are convinced from the evidence that there was negligence on the part of both plaintiff and defendant, and while the jury was instructed on the doctrine of comparative negligence, it either did not apply the rule in assessing damages or else awarded more damages than was justified by the evidence.
This cause is reversed for new trial on the question of damages only.
MATHEWS, C. J., and TERRELL and ROBERTS, JJ., concur.