PEARSON, Judge.
The final judgment appealed is based upon a jury verdict in a personal injury action. The appellant, who was defendant in the trial court, presents three questions each based upon the court’s charge: (1) Did the evidence support a charge which was given upon the doctrine of last clear chance? (2) Did a reference to the doctrine as an exception prejudice the defendant by unduly emphasizing its possible application? (3) Did the court err in the refusal of certain charges requested by the defendant?
It readily appears that the decision upon each of these questions requires a consideration of all of the evidence before the trial court and an analysis of the whole charge given by the court. No useful purpose would be served by an extensive review of the conflicting versions of the accident which were given. This court and our Supreme Court have recently reviewed *43 the conditions under which the jury should be given the benefit of a charge upon last clear chance. See Falnes v. Kaplan, Fla. 1958, 101 So.2d 377; Radtke v. Loud, Fla.App.1957, 98 So.2d 891; Rosenfeld v. Knowlton, Fla.App.1959, 110 So.2d 90.
It is sufficient to point out that this case involved a child upon a bicycle near the edge of a roadway, and a driver who testified that he did not see the child. There was sufficient evidence that the driver could have seen the bicycle rider to bring the question of last clear chance within the purview of the instruction. Merchants’ Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401; Miller v. Ungar, 149 Fla. 79, 5 So.2d 598; Wawner v. Sellic Stone Studio, Fla.1954, 74 So.2d 574; Springer v. Morris, Fla.1954, 74 So.2d 781; Radtke v. Loud, supra; Rosenfeld v. Knowlton, supra; accord, Parker v. Perfection Cooperative Dairies, Fla.App.1958, 102 So.2d 645; cf. Yousko v. Vogt, Fla.1953, 63 So.2d 193; Ippolito v. Brenner, Fla.1954, 72 So.2d 802; Lee County Oil Co. v. Marshall, Fla.App.1957, 98 So. 2d 510; Falnes v. Kaplan, supra; Edwards v. Donaldson, Fla.App.1958, 103 So.2d 256.
It is true that in law the last clear chance doctrine is not an exception to the general doctrine of contributory negligence in that it does not allow a recovery notwithstanding one’s contributory negligence but rather permits a recovery based upon defendant’s (later) negligence being the proximate cause of the injury. See cases noted in 23 Fla.Jur. Negligence § 89.
The appellants contend that regardless of the applicability of the doctrine of last clear chance, it was error for the court to accentuate the charge by pointing it out to the jury as being an exception. However, a verdict will not be set aside for a defective charge unless a review of the entire charge given makes it appear that the jury may have been misled as to the effect of the law to be applied to the factual situation before it. Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605, 140 A.L.R. 410; Adams v. Royal Exchange Assur., Fla.1952, 62 So.2d 591; Martin v. Johns, Fla.1955, 78 So.2d 398; Martin v. Tindell, Fla.1957, 98 So.2d 473. Although as it stated above, the last clear chance doctrine is not an exception to the contributory negligence rule barring recovery; such reference to the doctrine did not constitute a reversible error since the charge clearly set forth the requisites and conditions for application of the doctrine. It clearly appears that the jury was not misled and that the instruction was not overemphasized. See Reliance Life Ins. Co. of Pittsburgh v. Everglades Discount Co., 5 Cir., 1953, 204 F.2d 937; Nesbit v. Everett, 5 Cir., 1957, 243 F.2d 59; cf. Butz v. Rineheart, Fla.1956, 88 So.2d 125.
All salient features of the defendants’ charges, the refusal of which are assigned as error, were covered by the court in the charges given. Finding no prejudicial error in the charge of the trial judge the •judgment is affirmed.
Affirmed.
CARROLL, CHAS., C. J, and HORTON, J., concur.