126 So.2d 281 (1961)
Daniel Edwin CHILTON, Appellant,
v.
Leon L. DOCKSTADER, Appellee.
No. 1845.
District Court of Appeal of Florida. Second District.
January 25, 1961.
W. Robert Mann, of Knowles, Kirk, Knowles & Mann, Bradenton, for appellant.
Clyde C. Goebel, of Grimes, Grimes & Goebel, Bradenton, for appellee.
SHANNON, Judge.
The defendant in a negligence action has appealed from a verdict and judgment entered for the plaintiff below in the amount of $7,500.
The accident occurred at an intersection in Bradenton, Florida, on December 10, 1957. The plaintiff was driving north on the stop street with an elderly lady as his passenger, and the defendant was alone and traveling west on the through street. The plaintiff started across the through street and the defendant's car struck the plaintiff's vehicle on the right side.
The testimony in the case is conflicting. According to the plaintiff's version, he stopped at the intersection, looked both ways, and seeing nothing, then proceeded across the through street. This is corroborated by the testimony of his passenger. On the other hand, the defendant in his testimony as an adverse witness stated that he was *282 driving along the through street at about between 25 and 30 miles per hour, and he first saw the plaintiff at a distance of about 75 feet. He estimated that the plaintiff's car was then 15 or 20 feet from the intersection and in the process of slowing down for the stop sign. The defendant further testified that his attention was momentarily distracted to another direction, and when he looked back the plaintiff's car was directly ahead of him and the collision was unavoidable. For the purposes of this appeal, the defendant-appellant concedes that the plaintiff stopped at the stop sign.
The appellant's first two points concern the trial court's refusal to grant a directed verdict in his favor. In reviewing the trial court's ruling in this regard we are bound to the well-established rule that the party moving for a directed verdict admits every conclusion favorable to the non-moving party that might be reasonably inferred from the evidence. See Henderson v. Tarver, Fla.App. 1960, 123 So.2d 369; Budgen v. Brady, Fla.App. 1958, 103 So.2d 672. There is obviously some discrepancy in the two versions noted above. Taking the defendant's testimony alone, if his estimates of speed and distance are anywhere near correct his car would have been safely past the intersection by the time the plaintiff could have stopped and then resumed his motion. In addition to this, we have the testimony of the plaintiff and his passenger that the through street was sufficiently clear in both directions to allow them to cross. We conclude that it was properly a function of the jury to resolve these conflicts and we find no error in the trial court's ruling which allowed the case to go to the jury.
In reaching this conclusion, we can also dispose of two more of the appellant's contentions, namely: whether or not the trial court erred in allowing the Bradenton speed limit to be introduced, and whether or not the trial court erred in its instructions to the jury concerning the defendant's duties as a driver. The jury might well have found that the fact discrepancy in the two versions of the accident arose either from the speed of the defendant's automobile or from the defendant's failure to meet one or more of his duties. In either case it was proper for the trial court to apprise the jury of the applicable law. See Miller v. Ungar, 149 Fla. 79, 5 So.2d 598.
The appellant has also raised a point concerning the court's pre-trial order. In this order, paragraph 5 reads as follows:
"5. It is agreed that the hospital records pertaining to Plaintiff's hospitalization may be introduced into evidence by either party subject to their materiality and relevancy without the necessity of identification by the custodian thereof."
At trial the defendant submitted a number of hospital papers for introduction into evidence. The plaintiff objected to a few of these on the grounds that they were not hospital records, but rather hearsay statements made by consulting physicians and others. The grounds for the plaintiff's objection were that these statements were not the best evidence, and the trial court sustained the objection. The defendant objected vigorously and contended that the trial court had violated its own pre-trial order.
Hospital records are defined by § 382.31, Florida Statutes, F.S.A., but not every hospital paper connected with a patient's case is admissible as a hospital record. See Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911. The documents involved in the case at bar were entitled "progress notes" and "consultation notes" and because of their hearsay content there was undoubtedly serious question about their admissibility. We find no error in the trial court's ruling that these statements were not a part of the "hospital records" covered by the pre-trial order. The fact that these papers were prepared during the course of the plaintiff's confinement does not in itself qualify them as "hospital records."
*283 Having found no merit in any of the points raised by the appellant, the decision of the lower court must stand, and the case is affirmed.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.