MILLEDGE, STANLEY, Associate Judge.
This is an appeal from a judgment based on a verdict for defendants in an action in negligence by the father of a thirteen year old boy, struck by the right side of defendants’ car overtaking on a two-lane road. In view of defendants’ speed of 45-50 miles per hour, the failure to sound the horn, the failure to move far enough to the left in overtaking, the court was correct in submitting the case *755 to the jury. In view of defendants’ testimony that the boy swerved to his left just before the collision, the issue of contributory negligence was proper for the jury.
The trial judge was requested, but refused, a jury instruction which put the burden on defendants to prove contributory negligence and that it was a proximate cause of plaintiff’s injuries. This would not matter if the judge had given his own charge on the affirmative defense saying substantially the same thing. The instructions given put the burden of proof on the plaintiff, not only as to his own case, but on the affirmative defense as well. Having apparently concluded his instructions as to the applicable rules of law, the trial judge concluded with some advice on how to apply the rules he had already given. “All right Gentlemen, there you have it.” Among the final words were these — (If) “the plaintiff met his burden of proving and tilting the scales ever so slightly in his favor that the defendant was guilty, but the defendant also tilted the scales in his favor on the question of the boy’s negligence then the verdict must be for the defendant because the boy would have contributed to the negligence of the defendant.” While to a lawyer looking for the point, the reference to the defendant tilting scales is a suggestion of burden of proof, but it cannot reasonably be supposed that the jury would so understand. While there is no necessity to use technical language in instructing the jury, in fact it seems preferrable to avoid such terms, there is a necessity to communicate clearly to the jury what the applicable rules are. If technical language is used to instruct as to the plaintiff’s burden of proof and, as here, the jury hears this four times in the charge, with no distinction between the plaintiff’s case and the affirmative defense, they could not be expected to catch a subtlety at the end. Even this, however, failed to give a suggestion to the jury that proximate cause is involved in the affirmative defense. The jury were twice told that the defendants’ negligence was ; insufficient; that it must be the proximate cause of the injuries.
We pass to another ruling assigned as error. The collision occurred at the entrance to a trailer park which contained two houses, one the owner’s residence and twenty-one occupied trailers. The park had a road frontage of about 330 feet. Outside of municipalities the legislature has fixed a maximum speed of 65 miles per hour but in business and in residential districts the speed limit is 30 miles per hour. The statutory definition of a business district is purely mechanical. If 50% or more of the highway frontage for 300 or more feet is occupied by buildings used for business the district is a business one. There is no latitude for judgment. The statute, F.S. § 317.01(19) F.S.A., has a totally different standard to determine the existence of a residential district. It has this character, if “for a distance of 300 feet or more, is in the main improved with residence or residences and buildings in use for business.” Here the legislature is concerned with population density and this cannot be determined satisfactorily by mechanical means. There are too many variables. Some residences are close together; others far apart. Some are single family; some multi-family. Some front on the highway; others do not but are close by. If the evidence is conflicting as to the number and extent of the residences the question is for the jury. Gordon v. Cozart, Fla.App.1959, 110 So.2d 75. When, as here, the number and location of the residences is not in dispute but reasonable men may differ as to whether the inferences warrant the conclusion that the district is “in the main” residential, the question is also for the jury. This question is the same kind that a jury may have when, even though the evidence is not in dispute, still requires an evaluation as to whether a person has exposed another to an unreasonable risk of harm. When different inferences may reasonably be drawn, the question is for the jury. See Gravette v. Turner, 77 Fla. 311, 81 *756 So. 476; Sater v. Stenor, Inc., 160 Fla. 516, 35 So.2d 584; Schutzer v. City of Miami, Fla.App.1958, 105 So.2d 492.
The plaintiff sought to have the jury informed of this statute and an instruction was requested submitting to the jury the question of fact as to the statutory definition of a residential area and the applicable statutory speed limit. Since the jury might reasonably have concluded that the area was within the 30 mile speed limit, the significance of the rulings, in view of the defendants’ speed, is readily apparent.
It is unnecessary to consider the third point raised by the appellant. It is superfluous and the point is highly unlikely to reoccur.
The judgment appealed from is reversed and a new trial directed consistent with this opinion.
ALLEN, Acting Chief Judge, and KANNER, J., concur.