HORTON, MALLORY H., Associate Judge.
The appellant was the plaintiff below and appeals from a final judgment entered upon a jury verdict.
The appellant brought an action for personal injuries allegedly sustained when a truck of the appellee’s, to which there was-attached a hoist lift, suddenly moved from the roof level of a house, throwing the appellant to the ground. The appellant had gone on the roof of the house in an effort to obtain employment with the appellee, and, while on the roof, at the invitation of two other employees of the appellee, attempted to ride the truck lift to the ground. The truck lurched forward and caused the appellant to fall and sustain injuries.
The cause was tried before a jury on the issues made by the appellant’s amended complaint which charged simple negligence, and a denial thereof by the appellee who in addition interposed an affirmative defense of contributory negligence.
The appellant poses two questions on appeal upon which he relies for a reversal of the judgment, i. e., (1) did the court err in admitting in evidence and permitting to be taken to the jury room exhibits attached to a medical deposition which had been read into evidence? and (2) did the court err in submitting the issue of contributory negligence to the jury and in charging the jury on the issue of contributory negligence? We fail to find merit in either of these questions and, therefore, affirm the judgment appealed.
The appellant contends that certain exhibits attached to the deposition of a medical witness should not have been admitted into evidence and additionally should *498 not have been permitted by the court to be taken to. the jury room. The deposition of the appellee’s medical witness was read into the record by the appellant’s counsel. After the conclusion of the reading of this deposition, the appellee’s counsel inquired whether the appellant’s counsel intended to include in evidence the medical records attached to the deposition. Appellant’s counsel responded that he did not unless appellee’s counsel desired it. Later, when the exhibits were offered into evidence by the appellee’s counsel, appellant objected; the objection was overruled and the exhibits were admitted and later taken to the jury room. The appellant contends that the cases of Chilton v. Dockstader, Fla. App.1961, 126 So.2d 281, and Schoeppl v. Okolowitz, Fla.App.1961, 133 So.2d 124, are persuasive, if not controlling, on this question. We disagree.
The Chilton case dealt entirely with the question of whether certain “progress notes” and “consultation notes” constituted a portion of hospital records and were admissible as a part thereof. The court in that case held that they were not a part of the hospital records. In the Schoeppl case, the court dealt with a deposition, a portion of which had not been read into evidence. The entire deposition was permitted to be taken into the jury room. The court held that such action was reversible error on the basis that it permitted irrelevant, harmful and improper matters to influence the jury and permitted them to have access to the written testimony of a witness who had not appeared and given his testimony orally before the court, thereby placing testimony offered by deposition in a higher category than that offered in person by a witness before the court.
As to the appellant’s second question —that the court should have stricken the plea of contributory negligence and not charged the .jury on that issue — we conclude from a reading of the testimony that there was sufficient evidence to go to the jury on the issue of contributory negligence. It would serve no useful purpose to delineate all of the testimony from which a jury might or could deduce that the appellant was guilty of contributory negligence, but suffice it to say that there was sufficient to warrant the giving of the charge. Likewise, the appellant contends that it was error to charge the jury on the issue of contributory negligence, but we pretermit any discussion of this question since it becomes moot upon a decision of the main issue that contributory negligence was a fact to be considered by the jury. The appellant nowhere objected to the statement of law given in the charge on contributory negligence, but, as a matter of fact, conceded that it was correct.
We fail to find wherein the able trial judge committed reversible error and it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.
KANNER, Acting C. J., and WHITE, J., concur.