BARKDULL, Chief Judge.
Appellants, who were plaintiffs in the trial court, appeal an adverse final judgment rendered upon a jury verdict in a personal injury action.
The principal issues preserved for review by this court are the failure of the trial court to direct a verdict of liability in favor of the appellants, and the failure to grant a new trial upon the motion thereon because of alleged prejudice and bias of the jury, as reflected by the affidavits of a spectator in the courtroom and the foreman of the jury which were tendered with the motion for new trial. The purport of the affidavits was to show an atmosphere of prejudice towards the race of the plaintiffs within the courtroom and the jury room. We affirm.
No error has been demonstrated in the denial of the motion for directed verdict. The evidence was susceptible to two views as to how the accident occurred and, therefore, it was proper for the trial court to deny the motion for directed verdict and to submit the issue of liability to the jury. See: Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Cadore v. Karp, Fla.1957, 91 So.2d 806. As to the failure to grant a new trial at the time of the hearing on the motion because of the affidavits referred to above, no abuse of discretion on the part of the trial judge has been demonstrated. See: Alicot v. Dade County, Fla.App.1961, 132 So.2d 302; Freeman v. Bandlow, Fla.App.1962, 143 So.2d 547. The principal import of the spectator’s affidavit, that because of statements of a prospective juror [while in the courtroom and during voir dire examination] that he was prejudiced against the race of the plaintiffs, could afford no basis for showing an atmosphere in the courtroom which would prejudice the jury’s verdict, particularly when the trial judge excused the prospective juror for “cause”. The affidavit of the foreman of the jury, that in his opinion remarks made in the jury room prejudiced the minds of other jurors [but not his], would not appear to be sufficient to warrant the upsetting of the trial judge’s discretion by this court in denying the motion. In this re *547 gard, see: Marks v. State Road Department, Fla.1954, 69 So.2d 771; McAllister Hotel, Inc. v. Porte, Fla.1960, 123 So.2d 339; Magid v. Mozo, Fla.App.1961, 135 So.2d 772.
It appears that the rule discussed by the Supreme Court in Marks v. State Road Department, supra, is particularly applicable to the instant case wherein the jurors had been polled after the rendition of their verdict.
Therefore, for the reasons above stated, the final judgment here under review is hereby affirmed.
Affirmed.