PER CURIAM.
Plaintiff, appellee, sued for damages under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., alleging that the defendant, railroad, had negligently failed to furnish him a reasonably safe place to work, as a result of which he was injured. The defendant answered including an affirmative defense of contributory negligence. The plaintiff received a verdict of $65,000 at the hands of the jury and this appeal followed after judgment thereon.
The appellant has presented eight points, none of which show reversible error. The main reliance is twofold; one, the court erred in excluding from the evidence a letter which was included with the plaintiff’s hospital records; and second, the court erred in failing to grant a new trial upon the ground that the verdict was excessive.
At the trial the defendant attempted to introduce a composite exhibit from the plaintiff’s medical records from the Atlantic Coast Line Hospital in Rocky Mount, North Carolina. The plaintiff made no objection to the introduction of the hospital records, but did object to a letter that was attached to the hospital records. This letter was an extensive medical report written by a doctor employed by the railroad and directed to the chief surgeon of the railroad. The trial court sustained plaintiff’s objection. The appellant, railroad, now urges on this appeal: that the letter was a part of the hospital record. We hold that under the circumstances of this case, the letter referred to was not a part of the hospital record as defined by § 382,31 *841 Fla.Stat., F.S.A. See Chilton v. Dockstader, Fla.App.1961, 126 So.2d 281.
Appellant’s point urging that the court erred in failing to grant a new trial on the ground that the verdict was excessive, fails to carry the burden of demonstrating that the ruling of the trial court amounted to an abuse of discretion. See Cloud v. Fallis, Fla. 1959, 110 So.2d 669; City of Hialeah v. Revels, Fla.App.1960, 123 So.2d 400,
We have examined the record in the light of the other points presented, including the assignments directed to the allowance of expert witnesses’ fees and find no reversible error.
Affirmed.