TILLMAN PEARSON, Judge.
Sarah Zanetti was the plaintiff in the trial court. She suffered an adverse verdict at the hands of the jury and appeals from the final judgment thereon.
Two points are presented. The first point challenges the correctness of a charge requested by the defendant and given by the court. The charge explained proximate cause from the standpoint of the defendant; that is, it said that the plaintiff could not recover if the jury found that the damage complained of was not the proximate result of the defendant’s negligence. Appellant objected to the charge, but she did not offer a charge on the subject. Her chief complaint seems to be that the charge was not in the language she preferred. We think that this position cannot be maintained in view of the holding of the Supreme Court in Myrick v. Griffin, 146 Fla. 148, 200 So. 383 (1941). At page 384 the Supreme Court said:
“ * * * the record shows that the principles of law embraced in the charges requested and refused had been adequately covered in the instructions given the jury and that there was no reversible error committed by the court in refusing to reiterate those principles in the language proposed by the defendant.”
In addition, we find that a review of the entire instruction given to the jury reveals that the subject was not given undue importance and that the entire instruction must be said to have adequately covered the law on the point of the case. Adams v. Royal Exchange Assur., Fla.1952, 62 So.2d 591; Martin v. Johns, Fla.1955, 78 So.2d 398; Florida East Coast Railway Co. v. Lawler, Fla.App.1963, 151 So.2d 852.
Appellant’s second point urges error because the trial court refused her tender of an additional charge when the jury returned with a question. The question presented by the jury, which was written out and handed to the judge, indicated that some member of the jury had a doubt as to the words used in the charge on proximate cause. This question was fully answered by the court by again reading to the jury the charge in question, which was the same charge discussed in point one.
In Warmuth v. Greenberg, Fla.1951, 49 So.2d 793, the Court, at page 793, stated:
“Clearly under the statute [section 54.22, Florida Statutes] the court was empowered to give the jury again the ‘law applicable to the case’ when they returned to the courtroom without having agreed. We do not construe the statute to mean that he must repeat the entire charge if the jury request only some part of it dealing with a particular issue or phase of the con *385 troversy or, of course, with the duties they are obliged to perform. We think the court was correct in confining his further charge to the issue that seemed to be troubling the jury.”
We hold that this procedure was proper and that the jury’s question did not indicate a need for additional charges on the subject. Therefore, appellant’s offer to restate the same charge in different terms was properly rejected. Myrick v. Griffin, supra.
Affirmed.