## LAURENT v. HONDA OF KISSIMMEE, et al.
No. 65-L-1129.

Circuit Court, Dade County.

October 13, 1966.

184

Whitman & Knott, Miami, for plaintiff.

Smathers & Thompson, Miami, for defendant Honda of Kissimmee until April, 1966, thereafter Hansen & Bunnett, South Gate, Calif.

Blackwell, Walker & Gray, Miami, for defendant American Honda Motor Co.

Fowler, White, Gillen, Humkey & Trenam, Miami, for defendant King-o-Lawn, Inc.

HENRY L. BALABAN, Circuit Judge.

This cause came on to be heard on the motion for summary judgment of the defendant American Honda Motor Co. ("American Honda" hereafter), and the court having heard argument of counsel for the parties and having had the benefit of research by them and independent of them, and being otherwise fully advised, finds —

The plaintiff sues the defendants in two counts —

Count 1 — under the theory of warranty of fitness against the manufacturer and retailer (local dealer).

Count 2 — under the theory of negligence against the installer (King-o-Lawn, Inc.).

The express warranty of the defendant American Honda states in effect that any modification will cause a default of the warranty (p. 31, deposition of Fred B. Stanton).

The answer by the defendant Honda of Kissimmee to interrogatory no. 12 submitted by defendant American Honda is — "We have no knowledge of anyone from American Honda Motor Co. making representations with respect to the modification."

Interrogatory no. 11 to the defendant Honda of Kissimmee and the answer thereto, submitted by the plaintiff Laurent, follows —

Q. "State whether or not your company ever received any instructions from American Honda Motor Co., specifically ordering you not to modify any of their motorcycles when they are purchased new?

A. "No, not to my knowledge."

The plaintiff wrote to the defendant American Honda requesting permission for the modification in question, to which American Honda replied, in effect — "See your local dealer to see if such modification could be made."

In view of the above material points, this court is constrained to ask this question — *"What is the legal significance, if any, of American Honda's reply to the plaintiff's request for modification?*

There are two opposing inferences to be drawn from, or answers to, the aforesaid question —

A. There is *no* legal significance attached; and hence no change in the following respects —

(1) *The express warranty which forbids any modification absolves the manufacturer from liability.*

(2) *The modification was authorized by defendant, Honda of Kissimmee, (the local dealer), who is an independent contractor and not a contract agent of the manufacturer (American Honda).*

It follows that under the first possible inference stated this court would be constrained to hold that the defendant American Honda is entitled to a summary judgment.

B. The second possible inference or answer to the question posed above is that such a reply by the defendant American Honda *does* have a legal significance and that a jury might reasonably find the following —

(1) *The manufacturer failed to caution the plaintiff that any modification is forbidden by the express warranty.*

(2) *The plaintiff relied and acted on the advice of the manufacturer to see the local Honda dealer for the modification, such reliance resulting in a detriment to the plaintiff.*

(3) *The manufacturer's stated conduct and plaintiff's reliance thereon constituted an "ostensible agency" in the local dealer and "ostensible authority" to proceed with the modification if the local dealer thought it could be done.*

For a definition of "ostensible agency" applicable to the undisputed facts of the case at bar as stated above, see p. 509, §720, Mechem on Agency, 2d Ed., where the author cites the California Code (followed in several of the neighboring states) — "An agency is ostensible (apparent) when the principal intentionally or *by want of ordinary care,* causes a third person to believe another to be his agent who is really not employed by him." (Italics added.) See also Torrance National Bank v. Enesco Federal Credit Un., 285 P.2d 737, 740 (Cal. App. 1955), on "ostensible agency" and "ostensible authority."

(4) *The said possible but opposing inferences or answers to the question posed above make it a case for the jury.*

If undisputed evidence (as in the case at bar) permits of different reasonable inferences, it should be submitted to the jury and not passed upon by the court as question of law. Cadore v. Karp, 91 So.2d 806 (Fla. 1957).

Where evidence is susceptible of two views as to how accident occurred, it is proper to submit issue of liability to jury. Evans v. Roth, 168 So.2d 546 (Fla. App. 1964), reh. den.

From all the facts and circumstances together with reasonable inferences which could or may have been drawn therefrom the lower court was in error in withdrawing the case from the jury and directing a verdict for the defendant. Madden v. Killinger, 97 So.2d 205, 207 (Fla. App. 1957) reh. den.

The question of ostensible agency and ostensible authority is a question of fact for the jury. Torrance National Bank v. Enesco Federal Credit Un., supra.

The rule is well settled in Florida that a principal is bound by the acts of his agent. Stuyvesant v. Stahl, 62 So.2d 18, 20 (Fla. 1952) reh. den.

(5)  *The jury might further reasonably find that the manufacturer's conduct constitutes —*

(a)  *A waiver of the express warranty provision regarding modification.*

(b)  *The manufacturer is equitably estopped to assert the express warranty regarding modification.*

(c)  *The manufacturer is vicariously liable in negligence for its ostensible agent's defective modification.*

(d)  *The manufacturer is liable on an implied warranty of fitness and freedom from defects to include the modification he ostensibly authorized.*

(e)  *The express warranty minus the modification provision is not inconsistent with the implied warranty.*  Posey v. Pensacola Tractor & Equipment Company, 138 So.2d 777, 780 (Fla. App. 1962), Cf. Rosen v. Chrysler Corporation, 142 So.2d 735 (Fla. App. 1962) reh. den., where an express warranty was given in lieu of all other warranties. This is not the situation, however, in the case at bar.

It is therefore, upon consideration, ordered and adjudged that the motion of the defendant American Honda Motor Co. for a summary judgment is denied.