PER CURIAM.
The appellant was the defendant in the trial court. He appeals a final judgment based upon a jury verdict in a personal injury action. His main ..contention is the court committed reversible error in answering two questions which the jury asked after being instructed and retiring to consider their verdict. After receiving the questions the court afforded counsel a full opportunity to discuss the proper method of answering the jury. Appellant’s position before the trial court was:
“MR. HAWKESWORTH: I am not asking, Judge, or suggesting that you answer either question, directly ‘Yes’ or ‘No’, but merely that you believe that by an explanation of the verdict forms that the question submitted will be answered. ‘If you still have a question after I have instructed you as to the use of the verdict forms, we will take it up.’ ”
*883 The court answered the jury by informing them that the questions were difficult to answer under the Rules of Procedure and that he had determined that the only proper way to answer them would be to read to them again the court’s charges on negligence and contributory negligence and then add a few words of his own in attempting simplification. The court’s charges on negligence and contributory negligence were proper, and the rereading of these charges in no way prejudiced the defendant-appellant. Zanetti v. Weissler, Fla.App. 1965, 179 So.2d 383. We have carefully considered the additional comments by the court, and we find that they were an entirely proper attempt to clarify the situation for the jury in the event that they should find both parties negligent. Appellant has failed to demonstrate error upon the court’s answer to the jury’s questions.[1]
Appellant has presented two additional points. The first urges that the court should have allowed defense counsel in summation to discuss the legal effect of certain evidence upon which appellant’s counsel had not sought an instruction. The refusal to allow the comment was not error under these circumstances. Questions of law are for the court to decide; questions of fact are for the jury to decide. Piowaty v. Regional Agricultural Credit Corp., 160 Fla. 136, 34 So.2d 94, 1 A.L.R.2d 705 (1948).
Appellant’s last point urges that the court erred in permitting an ordinance to be read into evidence. He urges that the ordinance was not applicable to the situation presented by the evidence. The ordinance introduced was relevant to plaintiff’s theory of the case and therefore was properly to be considered by the jury. Allen v. Hooper, 126 Fla. 458, 171 So. 513 (1936); Ahrens v. Hayworth, Fla.App.1966, 189 So.2d 163.
No error having been demonstrated upon the trial of the cause, the judgment is affirmed.
Affirmed.

. “Harmless error; effect. — No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.” [Emphasis added.] § 54.23 Fla.Stat. (1965); § 59.041 Fla. Stat. (1967), F.S.A.