PER CURIAM.
Plaintiff below, Lois Schiffman, sued the defendants (appellees) and sought to recover for damages she allegedly suffered and incurred as a result of an automobile accident with Anna B. Alieva. The jury verdict was for the defendants and plaintiff appeals from the final judgment rendered thereon.
She raises three points on appeal and they all have reference to the jury instructions. At the charge conference the trial judge stated he would not give a charge requested by plaintiff orally on the doctrine of sudden emergency. On appeal plaintiff says the refusal to give this charge was reversible error. We find no error in the refusal of the trial judge to give a charge to the jury on the doctrine of sudden emergency under the facts presented in this case. See Smith v. Cobb, Fla.1952, 61 So.2d 378; LeSuer v. State Road Department, Fla.App.1970, 231 So.2d 265; Rule 1.470(b), R.C.P., *172 30 F.S.A. and Florida Standard Jury Instructions 4.8.
We have examined the plaintiff’s second point on appeal and find it to be without merit. See Medina v. McAllister, Fla.1967, 202 So.2d 755; Warmuth v. Greenberg, Fla.1951, 49 So.2d 793; Carver v. Jenkins, Fla.App.1968, 209 So.2d 882; and Zanetti v. Weissler, Fla.App.1965, 179 So.2d 383. In addition, we note that no objection was made in the trial court to this point which is argued on appeal. Cf. Advance Company v. Albert, Fla.App.1969, 216 So.2d 474.
Plaintiff’s third point is that the court committed error in giving an instruction to the jury on contributory negligence when there was no evidence to support such a charge. The pleadings raised the issue of the contributory negligence of plaintiff and we find sufficient evidence in the record on appeal to support a charge by the trial court on this issue.
Affirmed.