[Civ. No. 11403.   First Appellate District, Division One.—February 21, 1941.]

BRUNO LOLLI, Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Respondents.

A. B. Bianchi, Aylett B. Cotton and F. E. Hoffman for Appellant.

Wm. M. Abbott, Cyril Appel and Ivores R. Dains for Respondents.

WARD, J.—Plaintiff appeals from a judgment entered upon the verdict of a jury in favor of defendants in an action to recover damages for personal injuries. A motion for new trial was automatically denied by failure of any action thereon within the statutory period (Code Civ. Proc., sec. 661). The appeal is primarily directed to challenging certain instructions upon contributory negligence given at defendants' request or upon the court's own motion.

The action arises out of an accident which occurred at about midnight on the Mission Street viaduct in San Francisco, over which the Market Street Railway Company maintains street car tracks running north and south. Repair work was in progress in connection with the track used for southbound traffic necessitating excavation between the rails of such track and about sixteen or eighteen inches on each side thereof for a distance of some forty feet. The excavation was well illuminated by thirty red lanterns and twenty flares, and there was sufficient space left to the west of the excavation for the use of southbound vehicular traffic. Plaintiff, driving in a southerly direction on Mission Street, had just about reached the block where the excavating was being done, when another car passed him, drove into the excavation, zigzagged, and finally came to a stop at the south end thereof, its left front wheel torn off. Plaintiff drove by the car in the excavation, parked his car at the west curb about forty-five or fifty feet farther on, and walked back to the place of

the accident. On ascertaining that the driver of the automobile was not hurt, but was intoxicated, he proceeded to the left side of the car, facing south, to investigate possible injuries to other occupants of the car. As he stood between the two street car tracks, he was struck by a northbound street car of defendant company and injured.

In support of the appeal, the plaintiff urges that the trial court erred in instructing the jury on the subject of contributory negligence and its several elements, for the reason that under the circumstances of this case, that is, where the conduct charged to be negligent occurred in an effort to render assistance to persons in peril, no lack of care short of recklessness—of which he contends there was no evidence—will bar a recovery.

The court in effect instructed in the usual manner and in substance on the subject of contributory negligence, among the instructions given being that if the jury found the plaintiff "was guilty of any negligence, however slight, which was the sole proximate cause or which proximately contributed to cause any injuries complained of, then your verdict should be for" the defendants; that there are no degrees of negligence or contributory negligence recognized in this state; that it is the duty of any person crossing or about to cross the tracks of a street railway company to exercise his faculties of sight and hearing and watch and listen for cars coming from any direction. The court also instructed that the "test of what constitutes negligence on his part is the standard of an ordinarily prudent man under normal circumstances" and that "the presence of unusual or extraordinary circumstances affecting the transaction will always modify the application of the general rule." In substance these instructions correctly state recognized rules. ■ In California negligence is not divided into well defined degrees. Rather, the rule is that every person must exercise reasonable care. What is reasonable care is dependent on the factors of time, place, person and surrounding circumstances.

■ The general rule is that one who is aware of danger and neglects to take reasonable precautions to avoid injury is not permitted to recover. This rule is subject to certain limitations; for instance, when one seeks to rescue another person from imminent peril. In such case the general rule that negligence on the part of an injured party, no matter how slight, precludes recovery, is not always applicable. In

attempting to rescue another, one may assume a dangerous position which under other circumstances would deprive him of redress. However, if the rescuer acts recklessly and rashly by placing himself in a position of danger not necessary to effect the rescue, and does not act as an ordinarily prudent person would act under similar circumstances, recovery is not permitted. (*Henshaw* v. *Belyea,* 220 Cal. 458 [31 Pac. (2d) 348]; *Petersen* v. *Lang Transp. Co.,* 32 Cal. App. (2d) 462 [90 Pac. (2d) 94].) Each case must be decided upon the facts presented. Whether the danger was caused by the imperiled party alone, by another person, or solely by the defendant, or by the concurrent acts of several parties, are questions that must be considered; also, whether the ''rescuer'' realized that there was immediate peril or, under circumstances wherein there was no imminent peril, merely sought to render aid to one presumably injured. The circumstances of approach to the position of the party in peril must also be considered. These and other facts may play an important part in the right of the ''rescuer'' to recover for injury sustained. These circumstances likewise bear upon the propriety of giving to a jury instructions on contributory negligence. ■ In the instant case, appellant presented instructions on that subject. Assuming that correct legal principles were stated applicable to the evidence and reasonable inferences that could be drawn therefrom, the court had a right to modify such instructions or to give others.

■ Whether appellant's conduct constituted negligence, and, if so, whether it was slight or reckless were questions of fact under all the circumstances of the case. At appellant's request certain instructions were given; others refused, presumably because they were either repetitions or covered by other instructions. The following given instruction is a fair sample: ''In determining whether or not plaintiff was guilty of negligence which proximately contributed to the injury which he sustained, you are instructed the test of what constitutes negligence on his part is the standard of an ordinarily prudent man under normal circumstances. And the law leaves it for the jury to determine what such an individual would do under such circumstances. The presence of unusual or extraordinary circumstances affecting the transaction will always modify the application of the general rule. And, if you find from the evidence in this case

that there were unusual or extraordinary circumstances affecting the transaction, it is your province to determine whether or not the plaintiff under such unusual or extraordinary circumstances acted as an ordinarily prudent man would have acted.'' Not one direct reference to ''recklessness'' or ''rashness'' appears in any of the offered instructions. Appellant relies upon *Petersen* v. *Lang Transp. Co., supra,* wherein a verdict in favor of a defendant was reversed on the ground that an instruction involving recklessness was refused. In the present case the record does not disclose the offer of such instruction.

The conclusion reached by the jury in this case relative to the negligence of the plaintiff or the defendants is not definitely ascertainable. Suffice to say that an implied finding that defendants were not guilty of negligence would have to be sustained in view of all the evidence in this case. If the implied finding is that defendants were negligent, but that plaintiff was also negligent, even to the extent of recklessness, in assuming a position near the damaged automobile immediately adjacent to the path of an oncoming street car, the evidence in this case would warrant an affirmance of such finding.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.