82 So.2d 585 (1955)
Bertha ROSE, a widow, Appellant,
v.
Hugh PETERS, Preston B. Bird, I.D. MacVicar, Jesse Yarborough, Harold Truck, as The Board of County Commissioners of Dade County, Florida, constituting the Dade County Port Authority, and Aerodex, Inc., a Delaware corporation, Appellees.
Supreme Court of Florida. Special Division A.
September 14, 1955.
Rehearing Denied October 21, 1955.
Irving Cypen, L.J. Cushman and Michael H. Salmon, Miami Beach, for appellant.
Dixon, DeJarnette, Bradford & Williams, Charles A. Kimbrell and Douglas M. Carlton, Miami, for Dade County Port Authority.
Arthur S. Clark, Jr., Miami, for Aerodex, Inc.
TERRELL, Justice.
Dade County Port Authority engaged Guaranty Roofing Company, hereinafter referred to as "Roofing Company," to make repairs on Miami International Airport upon a cost plus contract, the Roofing Company *586 to furnish materials and equipment. October 19, 1950, the roofing crew under supervision of Mr. Czepiel was directed to Hanger No. 2 which was occupied by Aerodex, Inc., to begin the repairs. The dangerous condition of the roof was pointed out to Mr. Czepiel who was an experienced roof mechanic and fully explained to him. He instructed the crew as to the dangerous condition of the roof and ordered them on it to begin repairs. Soon after the crew commenced work, Mr. Alex J. Rose, vice president of the Roofing Company and an experienced engineer, climbed the ladder where the crew was working. Mr. Czepiel was working near him and told him of the dangerous condition of the roof and warned him to walk upon a rafter which was pointed out to him. He had previously been given knowledge of the dangerous condition of the roof. He took a few steps on the rafter, as he was instructed to do, but accidentally missed it and fell through the roof to the cement floor and was killed instantly.
This action was brought by Bertha Rose, widow of Alex J. Rose, to recover damages for his death. The complaint is grounded on the theory that deceased met death in an attempt to rescue his men who were placed in a position of great danger and peril due to the negligence of defendants. Answers to the complaint denied all allegations of negligence and proffered pleas of contributory negligence on the part of decedent. The case came on for trial before a jury but at the close of plaintiff's case, the court granted motions for directed verdict in favor of both defendants. A new trial was denied and the plaintiff appealed.
Several questions are urged for determination, but the real issue in the case is whether or not what is known as the "rescue doctrine," relied on by appellant, is applicable to this case.
It is true that the "rescue doctrine" may be invoked in a personal injury action to offset contributory negligence provided the attempted rescue is not recklessly or rashly done or the defendant was not guilty of negligence to the person rescued nor did such person contribute to his peril by placing himself in a position of danger not necessary to effect the rescue. Lolli v. Market St. R. Co., 43 Cal. App.2d 166, 110 P.2d 436, 438.
We are convinced that the doctrine cannot be invoked here because (1) Mr. Rose was aware of the dangerous condition of the roof for two hours before work was commenced on it but did not warn his men of its dangerous condition. Brown v. Columbia Amusement Co., 91 Mont. 174, 6 P.2d 874; Alabama Power Co. v. Conine, 213 Ala. 228, 104 So. 535. (2) There is no showing here of tortious acts of defendant contributing to the rescue or that the defendant was guilty of negligence to Mr. Rose at any time. Brady v. Chicago & N.W.R. Co., 265 Wis. 618, 62 N.W.2d 415. (3) Mr. Czepiel was fully advised of the damage to the roof of Hangar No. 2 and the danger in accomplishing the repairs to it if not done according to instructions. He was an experienced crew foreman. The Port Authority nor Aerodex, Inc., attempted to instruct Mr. Czepiel as to details of performing the work. The defects in the roof were not latent or concealed; they were obvious. For these and other reasons, we do not think the rescue doctrine has any application here. See Hickory House, Inc., v. Brown, Fla. 1955, 77 So.2d 249, and Bottom v. Rank, Fla. 1954, 70 So.2d 832.
The proffered testimony that is complained of was properly excluded because it was not an exception to the hearsay rule and was not material to a decision of the case. Another reason this testimony was properly excluded is that it could not be tested under cross-examination.
As to objection based on proffer of the insurance policy between Dade County and Maryland Casualty Company, it is sufficient to say that said evidence was properly excluded under the doctrine of Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789. Then the Port Authority did not plead governmental immunity and did not attempt to secure reduction of the ad damnum clause to the amount of insurance coverage.
*587 For all of which the judgment appealed from must be and is hereby affirmed.
>Affirmed.
DREW, C.J., and ROBERTS and BARNS, JJ., concur.