PER CURIAM.
The issue is whether or not the trial court erred in granting a motion for directed verdict against the plaintiff and in favor of defendant General Tire & Rubber Company and its insurance carrier Liberty Mutual Insurance Company in a personal injury and wrongful death action brought by the plaintiff as a result of an unfortunate highway accident.
Factually the plaintiff’s theory was that General Tire & Rubber Company was negligent in underinflating a tire on a vehicle driven by one Smith — also a defendant. As a result, the tire blew out, causing Smith’s vehicle to hit plaintiff’s vehicle resulting in injuries to plaintiff and death to his wife. The parties have ábly briefed and argued the issue and there is very little we can add to their presentation except to say that in our opinion the issue of General Tire’s negligence should have been left to the jury.
The cause of the tire failure according to the plaintiff’s expert was excessive bending along the side wall of the tire. The essential fact to be established in support of plaintiff’s case was that the bending was caused by the conduct of General Tire rather than some other agency for which General Tire was not responsible. The circumstantial evidence presented by the plaintiff permits a reasonable inference that the bending was the result of the defendant’s underinflation of the tire when defendant sold it to Smith about 30 days before the accident. While the same evi *344 dence might be susceptible of other reasonable inferences which do not support the plaintiff’s negligence claim against General Tire, where the circumstances established by the evidence are susceptible of a reasonable inference which would authorize recovery, and are also susceptible of a reasonable inference to the contrary, a jury question is presented. Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403, 406; Shepherd v. Finer Foods, Inc., Fla.1964, 165 So.2d 750, 754, and Scott v. Midyette-Moor, Inc., Fla.App.1969, 221 So.2d 178, 181.
For the foregoing reasons, the judgment for General Tire & Rubber Company is reversed and the cause remanded for further proceedings.
REED, C. J., and OWEN and MAGER, JJ., concur.