JOHN R. ADAMS, Plaintiff-Appellant, *v.* CHARLES R. ROSEMIER, Defendant-Appellee.

Fourth District   No. 13188

Opinion filed July 1, 1976.—Rehearing denied August 2, 1976.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Joseph W. Phebus, of counsel), for appellant.

T. G. Knappenberger, Jr., of Champaign, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Champaign County, after trial by jury, finding in favor of defendant, Charles R. Rosemier.

Plaintiff, John R. Adams, filed suit against defendant in a personal injury action charging negligence. Plaintiff was a pedestrian and defendant was the operator of a pickup truck. All questions on this appeal relate to the trial court's rulings which prevented plaintiff from introducing evidence showing that shortly before the incident which is the basis of this lawsuit defendant opened the driver's door of plaintiff's pickup truck thereby exposing the truck and its contents to water damage. On its rulings on pleadings, evidence and instructions the court consistently declined to permit any references to the defendant's conduct in opening the truck door. Accordingly, it is unnecessary to discuss in detail each court ruling since each depends on the court's determination that evidence of the incident was inadmissible.

On October 4, 1972, plaintiff and defendant were both employed by the City of Champaign working out of the city garage on north Market Street. There is a door on the south side of the garage that is the main pedestrian opening. About 37 feet south of the door is a gas pump island and about 50 feet south of this island is an area where many city vehicles and private vehicles of city employees are parked. Adams' truck was parked in this area and Rosemier's truck was parked south of Adams' truck. Shortly before 4 o'clock in the afternoon of October 4, 1972 plaintiff, defendant and several other city employees were assembled at the city garage waiting to punch out on the time clock. Plaintiff was injured when he proceeded out the pedestrian door and was struck by the pickup truck driven by defendant. The evidence which was not admitted (although proffered in an extensive offer of proof made outside the presence of the jury) would show defendant left the garage while it was starting to rain and proceeded toward his own truck but made a slight detour and passed by plaintiff's truck. In passing by plaintiff's truck defendant opened wide the driver's side door. At this time it was already raining and the testimony would have shown that it was obvious a heavy rainstorm was approaching. Plaintiff's pickup truck was a new vehicle and lying in an exposed position on the dashboard were cemetery lot deeds

and an open envelope containing plaintiff's divorce papers. After opening plaintiff's door defendant proceeded to his truck. He then drove west to Market Street, then north to the city garage and then east between the gasoline pump island and the south side of the city garage. A city employee saw defendant open the door to plaintiff's pickup truck and at least one employee called to plaintiff that defendant had opened the door to his truck. By this time a heavy rain was falling. Plaintiff went to the pedestrian door and observing the opened door to his pickup truck plaintiff left the  garage and went toward the truck. There was some evidence that plaintiff held a jacket over his head to protect himself from the rain. Within a few feet of the pedestrian door plaintiff was struck by defendant's truck. The crux of this appeal concerns various rulings of the trial court excluding from the jury the fact that shortly before the incident in question defendant opened the door to plaintiff's truck during a rainstorm.

■■  The first question to be resolved is whether the excluded evidence should have been admitted to show defendant's independent act of negligence in opening plaintiff's truck door and thus imperiling plaintiff's property. *Illinois Central R.R. Co. v. Siler*, 229 Ill. 390, 82 N.E. 362, and *Golden v. Big Bear Foods, Inc.*, 102 Ill. App. 2d 237, 243 N.E.2d 730, support plaintiff's proposition that one who negligently imperils the property of another may be liable to the other for injuries sustained while such person is attempting as a reasonably prudent man to rescue his personal property.

■■  According to defendant the foregoing rule is inapplicable because the evidence fails to show defendant knew his conduct would imperil the property of the plaintiff and would precipitate plaintiff's conduct in attempting to alleviate the consequences of defendant's conduct. We do not believe that such a standard of actual knowledge is required and in our opinion the conduct speaks for itself. If, as plaintiff claims and his proffered evidence tends to show, defendant did open the truck door permitting rain to enter the truck cab, such conduct in the absence of any explanation or excuse was designed to agitate or irritate the plaintiff and cause him to take some conduct in an effort to remedy the situation. We believe it can be inferred the defendant by his conduct intended to promote some response from the plaintiff and cannot now be heard to complain that his conduct succeeded, even though the consequences probably exceeded those desired by defendant.

Not only may defendant's conduct be viewed as having a causal relationship with the injuries sustained by plaintiff but also it may be said that defendant's knowledge or awareness of the incident was relevant to the question of whether he exercised due care as and before his vehicle struck the plaintiff. Because of his knowledge of the situation it would not be unreasonable to infer the defendant should have known plaintiff would

make some effort to rescue his property and that in so doing plaintiff might be in the area in which defendant was operating his truck in an effort to rescue the imperiled property or to reduce the potential injury to it.

■■ It is equally clear that where the property of one is imperiled by another such facts are not only relevant to the negligence of the defendant but are also pertinent in the determination of whether the owner of the property is exercising due care in his conduct. As observed in *Illinois Central R.R. Co. v. Siler*, 229 Ill. 390, 393, 82 N.E. 362, "* * * Where a person sees his property exposed to imminent danger through the negligence of another, he is justified in using every effort to save it which a reasonably prudent person would use under similar circumstances, even though the effort exposes him to some danger which he would otherwise have avoided. Due care depends upon the circumstances surrounding the action. It is to be determined with reference to the situation in which he finds himself at the time. What is due care in one situation might be gross recklessness under different circumstances. * * *"

Finally, in support of the action of the trial court defendant argues that even if the evidence of his conduct in opening the door had been admitted, nevertheless plaintiff was guilty of contributory negligence as a matter of law and therefore the verdict in his favor should not be disturbed. We do not agree.

■■ Defendant's argument in this regard is that as a matter of law plaintiff failed to exercise due care for his own safety when leaving the garage. More specifically, the defendant insists that the plaintiff in endeavoring to protect himself from the rain by putting his coat over his head failed to use any care for his own safety. The evidence of plaintiff's conduct, or the inferences to be drawn therefrom, are conflicting and under the circumstances we are not prepared to say the plaintiff failed to exercise due care as a matter of law. This is particularly true since, as we have suggested earlier in this opinion, plaintiff's conduct must be considered in the light of all the circumstances including the motivation and conduct incident to the rescue or protection of his property.

It is our conclusion the trial court erred in excluding the evidence of defendant's conduct and consequently the plaintiff is entitled to a new trial.

For the foregoing reasons the judgment of the circuit court of Champaign County is reversed and the cause is remanded with directions that plaintiff be granted a new trial.

Judgment reversed and remanded with directions.

ALLOY, P. J., and BARRY, J., concur.