350 So.2d 825 (1977)
Billie NEWSOME, Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Corporation, and Patricia B. Messing, Appellees.
No. 76-1976.
District Court of Appeal of Florida, Second District.
October 14, 1977.
John B. Cechman of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
Gerald W. Pierce and Patrick E. Geraghty of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
OTT, Judge.
The court below entered a directed verdict and final judgment against the plaintiff/appellant *826 and in favor of defendant/appellee. We reverse.
At about 10:30 p.m. on September 9, 1974 appellee/Messing parked her car in front of the Surf Club on Estero Boulevard in Ft. Myers Beach. There was evidence that Messing had consumed a "few" drinks in the midafternoon and an undetermined number of drinks before dinner that evening  in total more than three but less than ten. Almost immediately upon entering the Surf Club she was advised that her car had rolled out into Estero Blvd. Just after Messing entered the Surf Club, Stearns, operating his vehicle on Estero Blvd., noticed the Messing vehicle in the "middle of the street" blocking an entire lane of traffic. He brought his own vehicle to a stop off the street and entered the Surf Club to attempt to find the owner of the car. Howell, an acquaintance of Messing, secured Messing's keys and he and Stearns returned to the car to remove it from the middle of the street.
The appellant  who lived across the street from the Surf Club  was walking on the opposite side of Estero Blvd. when he noticed the appellee's vehicle drift into the road. He then noticed Stearns and Howell exit the Surf Club and attempt to push the motor vehicle (even though Howell had the keys) off Estero Blvd. which he knew to be heavily traveled. The appellant went to help. As he and the two others were pushing the car a passing vehicle struck him.
An expert testified that a car in the park position would move "very little", i.e., a "couple of inches ... just what slack there is in the gears." He testified that he had never seen a car placed in the park position "pop" out of the park position on its own. He also stated that a 1968 Ford such as the Messing vehicle could, on occasion, require additional upward force on the automatic transmission lever to activate the neutral safety switch in order to start the machine. Since Howell did not testify, it was not established whether Howell tried to start the car and was unsuccessful or merely decided to push the car at the outset. All Stearns testified to in this regard was that Howell had taken the appellee's car "out of gear" before they started to push it. There was no testimony of any defect or problem with the automobile.
The rescue doctrine is applicable. In Perotta v. Tri-State Insurance Company, 317 So.2d 104, 105 (Fla. 3d DCA 1975) the rescue doctrine was defined:
The rescue doctrine, ... generally is that one who is injured in reasonably undertaking a necessary rescue, may recover for his personal injuries from the person whose negligence created the peril necessitating the rescue.
See Rose v. Peters, 82 So.2d 585 (Fla. 1955). For the rescue doctrine to come into play the defendant must have been negligent, the person (or property) to be rescued must have been in imminent peril, and the rescuer must have acted reasonably. Without definitively answering any of these questions with reference to the facts of the instant case, we hold that the proof adduced by appellant clearly presents a jury question. Where there is any evidence upon which a jury could lawfully find for the movant's adversary, a verdict should not be directed. Jones v. Smith, 279 So.2d 343 (Fla. 4th DCA 1973); See Tropeano v. Matthews, 281 So.2d 251 (Fla. 4th DCA 1973). The evidence falls within this standard.
The final judgment is set aside and the case is remanded for a new trial consistent with this opinion.
GRIMES, Acting C.J., and RYDER, J., concur.