357 So.2d 228 (1978)
RYDER TRUCK RENTAL, INC., John Lee Abrams and Atlas Electric Supplies, a Florida Corporation, Appellants,
v.
Orin C. KORTE, and Margaret M. Korte, His Wife, Sol Kleinman and Allstate Insurance Company, Appellees.
No. 76-1427.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Rehearing Denied May 2, 1978.
*229 Henry Burnett of Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, for appellants.
F. Lawrence Matthews, Miami, Gilbert J. Murray, and Patrick N. Chidnese, Fort Lauderdale, for appellees-Korte.
Robert E. Ferris, Jr., of Gustafson, Caldwell, Stephens & Ferris, Fort Lauderdale, for amicus curiae-The Fraternal Order of Police.
ALDERMAN, Chief Judge.
In this appeal we must determine what effect, if any, the adoption of comparative negligence in lieu of contributory negligence has had upon the "rescue doctrine" and whether a policeman who is injured while attempting a rescue has a cause of action against those responsible for the peril. We conclude that principles of comparative negligence are applicable in rescue cases and that a policeman, under certain circumstances, may have a cause of action based upon the rescue doctrine.
The appellants were the defendants in the trial court. Abrams, an employee of Atlas, negligently drove a truck owned by Ryder, causing it to collide with several parked cars. The plaintiff, a police officer, in response to a call, arrived at the scene with other officers and found a woman hysterically screaming that her husband had a heart condition and was suffering a heart attack. The woman's husband was slumped forward over the steering wheel of one of the cars involved in the accident. The officers could not reach the victim to administer aid because other vehicles were jammed against both sides of the victim's car. One of the police officers shouted, "Let's pick this thing up," and the plaintiff and two other officers were able to move the front end of one of the vehicles about ten or twelve inches, making it possible for them to reach the victim. In moving the vehicle the plaintiff suffered a back injury. The trial court, in a non-jury trial, ruled that the rescue doctrine was applicable, that the plaintiff was injured while performing beyond his normal duties a humanitarian act in a reasonable manner, and that he was therefore entitled to recover from the defendants.
*230 The Supreme Court, prior to Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), recognized that the rescue doctrine could be invoked in a personal injury action to offset contributory negligence on the part of a rescuer, Rose v. Peters, 82 So.2d 585 (Fla. 1955), but there has been no detailed analysis of the doctrine. In most cases where it has been considered, our appellate courts have found it to be inapplicable, Rose v. Peters, supra, Adair v. The Island Club, 225 So.2d 541 (Fla.2d DCA 1969), Perotta v. Tri-State Insurance Co., 317 So.2d 104 (Fla.3d DCA 1975), although in Newsome v. St. Paul Fire and Marine Insurance Co., 350 So.2d 825 (Fla.2d DCA 1977), the court, in reversing a directed verdict in favor of the defendant, held that a jury question was presented as to whether the doctrine was applicable. None of the Florida cases, however, have considered the issues which are presented in this appeal.
It has generally been held that the rescue doctrine serves a dual purpose: first, to establish the causal connection between the defendant's negligence and the plaintiff's injury, and second, to eliminate the absolute defense of contributory negligence. 57 Am.Jur.2d, Negligence, § 227, § 418. Now that Florida has abolished contributory negligence, the rescue doctrine is no longer needed to allow a rescuer to recover in spite of his contributory negligence, but there is no logical reason why the principles of comparative negligence should not apply in a rescue case. We therefore hold that when the plaintiff in performing a rescue is himself negligent, he should recover only that portion of the entire damages sustained by him as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant. In the present case the trial court specifically found that "the plaintiff was injured while performing a humanitarian act in a reasonable manner." The record supports the finding that the plaintiff was not negligent; therefore it was not necessary to apportion his damages.
Although no longer necessary to relieve a rescuer from the absolute bar of contributory negligence, the rescue doctrine is still applicable to establish that the defendant's negligence was the proximate cause of the plaintiff's injury. A basic principle of the doctrine is that where the defendant has created a situation of peril for another the defendant will be held in law to have caused the peril not only to the victim but also to his rescuer, and so to have caused any injury suffered by the rescuer in his rescue attempt. Tiley: The Rescue Principle, 30 Modern Law Review 25.
In this case, the plaintiff as a rescuer should be able to recover from the defendants unless he is barred because he is a policeman. This brings us to the second issue, whether a policeman injured while attempting a rescue has a cause of action under the rescue doctrine against the persons who caused the peril. The plaintiff may be classified as a professional rescuer in that his duties included rendering first aid and assistance to victims of automobile accidents. The trial court found, however, that even though he was expected to perform many duties related to the protection of persons and property, the lifting of an automobile to assist or free a trapped person was beyond his normal duties.
Most of the cases which exclude professional rescuers from the rescue doctrine have dealt with firemen and are based on the concept that the doctrine requires a voluntary act by a rescuer who is prompted by a spontaneous, humane motive to save human life without any duty by virtue of his employment. See, for example, Nastasio v. Cinnamon, 295 S.W.2d 117 (Mo. 1956). It has been said that since it is the fireman's business to fight fire he cannot complain of negligence in the creation of the very occasion for his engagement; that there is no duty owed the fireman to exercise care so as not to require the special services for which he is trained and paid. Krauth v. Geller, 31 N.J. 270, 157 A.2d 129 (1960); see also Erickson v. Toledo, Peoria & Western R.R., 21 Ill. App.3d 546, 315 N.E.2d 912 (1974). But it has been recognized that even though it is contemplated *231 that a fireman in the performance of his duties shall extinguish fires however caused and encounter incidental risks, it does not follow that a fireman voluntarily assumes risks of injury beyond those inevitably involved in fire fighting. Jackson v. Velveray Corp., 82 N.J. Super. 469, 198 A.2d 115 (1964).
A Louisiana court has held that a policeman performing his duty may be classified as a rescuer. Gambino v. Lubel, 190 So.2d 152 (La. App. 4th Cir.1966). In that case a policeman, investigating an automobile that was stopped with its engine running, and who discovered and attempted to aid an unconscious diabetic driver, was held to be a rescuer, and his failure to turn off the ignition did not constitute contributory negligence when the motorist revived and accelerated the automobile, injuring the policeman. The court made no distinction between a professional and a non-professional rescuer, and no reference was made to those cases which recognize a special rule for the professional rescuer.
While we do not go as far as the Louisiana court apparently did in Gambino v. Lubel, supra, we do believe that a professional rescuer, such as a policeman, under certain circumstances, may be within the intended scope of the rescue doctrine. We think that a policeman should be able to recover under the doctrine when, during a rescue attempt, he is injured as the result of having performed an act or incurred a risk beyond the call of his normal duties; additionally, we think that he should be able to recover when his injury results from a danger not reasonably foreseeable. In other words, if, as part of his normal duties, a policeman is expected to perform particular acts or incur certain risks in attempting rescues, and as a result of performing such acts or incurring such risks he is injured, he should not recover under the rescue doctrine. If, however, in attempting a rescue, he is injured performing acts or incurring risks beyond the call of his normal duties, or if he is injured as a result of a danger not reasonably foreseeable, he should recover.
It is undisputed that the defendants were responsible for placing the victim in peril. It also appears that the plaintiff had a duty to render first aid and assistance to the victim. The disputed issue is whether the lifting of an automobile by hand, in order to effect the rescue of a trapped motorist, was within the call of plaintiff's normal duties as a policeman. The trial judge, as the finder of fact, concluded that the plaintiff-policeman was injured while performing beyond his normal duties. The evidence may be subject to differing interpretations, but we cannot say as a matter of law that the trial court's finding of fact is clearly erroneous. Therefore, we must recognize that the plaintiff acted beyond the scope of his normal duties as a policeman when he lifted an automobile by hand, thereby injuring his back. It follows then that the plaintiff, under the circumstances of this case, has a cause of action under the rescue doctrine and is not excluded because he is a policeman.
We have also considered plaintiff's cross-appeal in which he contends that the damages awarded are insufficient to compensate him for the injuries and find no error.
AFFIRMED.
CROSS and MOORE, JJ., concur.