DELL, Judge.
This appeal concerns the application of the “rescue doctrine” to personal injuries allegedly sustained by appellee, Janet *222 Boyd, in her effort to save her personal property from damage caused by negligence of appellant Oscar Klein Plumbing and Heating.
Appellee operated a wholesale costume jewelry business in leased premises. Her landlord engaged appellant to install a water line. The work raised clouds of concrete dust in appellee’s premises. Since the dust would eventually damage the jewelry if permitted to remain, each piece of jewelry required cleaning. Appellee did not hire a cleaning service because she had some valuable items. She and her adult children worked constantly, almost around the clock, to clean the jewelry. After three months of continuous work, appellee had to stop cleaning because she developed a bilateral carpal tunnel disease as a result of her heavy labors. Appellee sued Klein and its insurer in negligence for property damage and for personal injuries. The trial court denied appellant’s motion for a directed verdict and granted appellee’s request for an instruction on the “rescue doctrine.” The court instructed the jury that:
As to the claims of Janet Boyd, individually, the plaintiff contends that as a result of the attempted rescue of her property, she sustained injuries. The rescue doctrine is based upon the fact that danger invites rescue as a normal, natural and probable consequence. Thus, one who is injured in reasonably undertaking a necessary rescue may recover for his personal injuries from the person whose negligence created the peril necessitating the rescue. This is because the law recognizes that a defendant who creates a situation of peril is deemed to have also caused any injury suffered by the rescuer.
For the rescue doctrine to apply, you must find three elements: (1) that the defendant was negligent; (2) that the property rescued was in imminent peril; and (3) that the rescuer, here the plaintiff, acted reasonably under the circumstances. The plaintiff must prove these elements by the greater weight of the evidence for you to find that the rescue doctrine applies.
The jury returned a verdict in favor of the corporate appellee for property damage, which is not at issue here, and found that appellee, Janet E. Boyd, individually, suffered $800,000 damages for her personal injuries, sixty-seven percent of which she caused by her comparative negligence. After reduction of the verdict for comparative negligence and setoff for prior settlements, the court entered judgment in favor of appellee Boyd individually in the amount of $82,000.
Appellants contend that the trial court erred by instructing the jury on the rescue doctrine, and further contend that absent the rescue doctrine, appellee failed to carry her burden to show that her injuries were a reasonably foreseeable consequence of appellant’s negligence. We agree.
For the rescue doctrine to come into play the defendant must have been negligent, the person (or property) to be rescued must have been in imminent peril, and the rescuer must have acted reasonably.
Newsome v. St. Paul Fire and Marine Insurance Co., 350 So.2d 825, 826 (Fla. 2d DCA 1977).
Appellee has cited no case, and we have found none, which eliminates the element of imminent peril from the rescue doctrine. See Caldwell v. Ford Motor Co., 619 S.W.2d 534 (Tenn.App.1981); Stewart v. Jefferson Plywood Co., 255 Or. 603, 469 P.2d 783 (1970); Moore v. Beard-Laney, Inc., 263 N.C. 601, 139 S.E.2d 879 (1965); Atlantic Coast Line Railroad Co. v. Street, 116 Ga.App. 465, 157 S.E.2d 793 (1967); Adams v. Rosemier, 39 Ill.App.3d 691, 350 N.E.2d 745 (1976). On the other hand, we have found cases which hold the doctrine inapplicable when the property sought to be saved is not in danger of immediate destruction. Kiamas v. MonKota, Inc., 639 P.2d 1155 (Mont.1982); Klunenberg v. Rottinghaus, 256 Iowa 731, 129 N.W.2d 68 (1964).
Appellee relies upon Wagner v. International Ry. Co., 232 N.Y. 176, 133 N.E. 437 (1921) to support her contention that the existence of imminent peril creates *223 a jury question. In Wagner, the rescuer had to walk approximately 400 feet to save the victim. The defendant argued that because it took time for the rescuer to reach the victim, the rescuer had time to think about what he was doing, and the rescuer’s act became an intervening cause rather than a spontaneous response to the peril. The court said
Continuity in such circumstances is not broken by the exercise of volition. So sweeping an exception, if recognized, would leave little of the rule. “The human mind,” as we have said “acts with celerity which it is sometimes impossible to measure.” The law does not discriminate between the rescuer oblivious of peril and the one who counts the cost. It is enough that the act, whether impulsive or deliberate, is the child of the occasion.
Id. at 133 N.E. at 438 (citations omitted). We agree that “imminent” does not mean “instantaneous.” However, we would not agree that this language encompasses any attempted rescue, no matter how remote in time. Webster’s New Collegiate Dictionary (1980) defines “imminent” as “ready to take place; ... hanging threateningly over one’s head .... ” Here, the danger was so remote that appellee could afford to expend several months cleaning her jewelry. We hold that appellee’s property was not in imminent peril as a matter of law, and that the trial judge erred when he instructed the jury on the rescue doctrine. Without the rescue doctrine to bridge the gap of foreseeability, appellee’s cause must fail, for we have found nothing else in this record which tends to prove proximate cause, an essential element of a cause of action in negligence. Thus, the trial judge erred in denying appellant’s motion for directed verdict.
Accordingly, we affirm the judgment in favor of the appellee, Janet E. Boyd Co., Inc., on its property damage claim and we reverse the verdict and judgment in favor of Janet E. Boyd, individually, on her claim for personal injuries.
AFFIRMED IN PART, REVERSED IN PART.
LETTS and HURLEY, JJ., concur.