SCHEB, Judge.
Appellants Bernard Schwartz and Hannah Schwartz, his wife, challenge the entry of a final summary judgment in favor of appellees. The trial court held that Bernard Schwartz, a police officer, acted unreasonably when he braced his body against a rolling tow truck in an attempt to protect several accident victims. We reverse.
On February 3,1983, Officer Schwartz of the Cape Coral Police Department was dispatched to investigate an accident involving a Pontiac and a truck. The wrecked truck was owned by Appellee Hughes Supply, Inc. and operated by Appellee Solen Herman Hingson, Jr. A tow truck, owned by Appellee James Rehak, d/b/a Cape Auto Body, and operated by Appellee Joseph Se-nese, was summoned to the accident scene to remove the vehicles. The Pontiac was lodged underneath the side of the Hughes *191 Supply truck. While connected by a chain to the Pontiac, the tow truck began to roll toward an area where Schwartz was attending to injured persons. Someone yelled, “Bernie, watch out. The truck is rolling back.” Schwartz turned around, looked, jumped up, and braced his body against its right rear section in an effort to stop the tow truck.
In an action for damages, Schwartz claimed that Hingson was negligent in causing the traffic accident and in attempting to move the Hughes Supply truck and that Senese was negligent in leaving the tow truck unattended without applying the emergency brake. Furthermore, Schwartz contended that as a result of Senese and Hingson’s negligent conduct, the tow truck began to roll. Consequently, Schwartz concludes that he acted reasonably in bracing his 250 pound body against the tow truck in an attempt to stop what he perceived was imminent peril to the accident victims. On the other hand, Hingson and Senese argued that they were each justified in their actions because they were simply following a police officer’s orders. Following numerous pretrial motions and rulings, appellees filed motions for summary judgment.
After reviewing the pleadings, affidavits, interrogatories, and depositions, the trial court entered a final summary judgment in favor of appellees. The court found Officer Schwartz’ conduct “in bracing his body against the rear of a rolling tow truck in order to bring the tow truck to a hault (sic) was not a reasonable act such that the rescue doctrine should apply.” Appellants here contend that the trial judge erred in finding as a matter of law that Schwartz’s action was unreasonable and in rejecting application of the rescue doctrine.
It is well established that a summary judgment is appropriate only when it is conclusively demonstrated that there are no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510; Burroughs Corp. v. American Druggists’ Ins., 450 So.2d 540, 543 (Fla. 2d DCA 1984). Where there is any doubt or where conflicting inferences may reasonably be adduced from the evidence concerning the existence or nonexistence of a genuine issue of material fact, a motion for summary judgment must be denied. Id. This is especially true where, as here, principles of comparative negligence are involved. U.S. Fire Ins. Co. v. Progressive Cas. Ins. Co., 362 So.2d 414 (Fla. 2d DCA 1978). From our review of the record, we find several disputed issues of fact, which preclude entry of a summary judgment. Initially, we identify the issue of the reasonableness of Schwartz’s action. Among the remaining disputed issues are questions regarding when the requests to move the disabled vehicles were made, who made the requests, and whether the conduct of Se-nese, Hingson, both or neither, created an imminent peril to others.
Although the trial judge acknowledged the applicable principle, he erred in concluding as a matter of law that Schwartz’ actions were unreasonable. A police officer who acts beyond the scope of normal duties can have a cause of action under the rescue doctrine to recover for injuries received as a result of other parties’ negligence. Ryder Truck Rental v. Korte, 357 So.2d 228 (Fla. 4th DCA 1978). The officer must, however, have acted reasonably under the circumstances. Newsome v. St. Paul Fire & Marine Ins. Co., 350 So.2d 825 (Fla. 2d DCA 1977). As noted above, there are factual disputes pertaining to the application of these principles.
Accordingly, we vacate the summary judgment and remand to the trial court for further proceedings in accordance with this opinion.
CAMPBELL, C.J., and SCHOONOVER, J., concur.