SCHEB, Acting Chief Judge.
The appellants challenge entry of a final summary judgment in favor of the appel-lees. They argue that there existed material issues of genuine fact precluding resolution by summary judgment. We agree and reverse.
The appellants, Florida Farms, Jerry Don Holland, and Carl J. Denholtz, alleged in their complaint that the appellees CSX Transportation, Inc., and its alleged successor in interest, Seminole Gulf Railway Limited Partnership, violated an agreement that required CSX to maintain a sidetrack located on the appellants’ property. The appellants claimed that CSX improperly removed the sidetrack, thereby breaching the contract. The central disputed issue of fact was whether CSX had indeed removed the track. The trial court reviewed the evidence on this issue and held it insufficient to create a genuine issue of material fact. Our review of the record, however, belies that conclusion.
The record before the trial court contained an authorization for expenditure indicating that CSX contemplated removing the sidetrack in September 1986. The evidence also included CSX’s refund to Florida Farms of rental payments made after September 1986 and Donna Riley’s deposition testimony that near the end of September 1986, men working on the sidetrack told her they were from the railroad. Crucial to the trial court’s determination was the appellants’ alleged failure to establish the identity of the party or parties who removed the tracks. However, on this point, the record contained CSX’s response to the appellants’ request for admissions in which CSX admitted it removed the side track during the period February 25, 1986 through February 25, 1987. Such an admission conclusively establishes the fact admitted. Fla.R.Civ.P. 1.370(b). Although we understand from counsel at oral argument that the trial judge was not reminded of the existence of the admission at the hearing on the appellees’ motion for summary judgment, the admission remained a part of the record, and disregard of it was *779 error. Lutsch v. Smith, 397 So.2d 337 (Fla. 1st DCA 1981).
Summary judgment is appropriate only when it is conclusively demonstrated that there are no genuine issues as to any material fact. Fla.R.Civ.P. 1.510; Burroughs Corp. v. American Druggists’ Ins., 450 So.2d 540 (Fla. 2d DCA 1984). Rule 1.510 specifies that this determination is based on a review of the “pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any,” (emphasis added), and summary judgment should only be granted where those documents show that there is no genuine issue as to any material fact. Indeed, where there is any doubt or where conflicting inferences may reasonably be adduced from the evidence concerning the existence or nonexistence of a genuine issue of material fact, a motion for summary judgment must be denied. Schwartz v. Hughes Supply, Inc., 537 So.2d 190 (Fla. 2d DCA 1989). As noted above, the appellants presented sufficient evidence to preclude resolution against them by summary judgment.
We have not overlooked Seminole Gulf’s argument that irrespective of the propriety of the summary judgment as to CSX, it was proper to enter summary judgment in Seminole’s favor. Seminole contends that it cannot be the successor in interest of CSX as to the sidetrack because the lease/assignment agreement between CSX and Seminole, apparently the primary vehicle by which Seminole became CSX’s successor, was entered into by mistake. Seminole thus urges that this allegedly erroneous assignment was void and cannot operate to impose liability on Seminole. Furthermore, Seminole poses a statute of limitations argument and contends that based on that issue, the summary judgment was proper. At least at this posture of the case, we disagree.
As to Seminole’s status as successor in interest to CSX, the trial court’s letter to counsel clearly indicates that the court granted the final summary judgment in favor of both CSX and Seminole based on a perceived insufficiency of evidence to establish a breach of contract by CSX. Seminole’s liability as successor in interest to CSX was not determined since the trial court found no evidence of breach by CSX. Any liability on the part of Seminole appears to depend upon interpretation of the agreements between CSX and Seminole, not yet addressed by the trial court. Similarly, the statute of limitations issue did not form the basis of the judge’s decision and also has yet to be ruled upon by the trial court. Thus, summary judgment was improper as to both parties.
Accordingly, we vacate the summary judgment in favor of both the appellees and remand for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.