Gary WAIBEL, Appellant,

v.

Pam SPRECHER, Appellee.

No. 90–CA–1955–MR.

Court of Appeals of Kentucky.

Feb. 21, 1992.

**888**

Robert E. Blau, Jolly & Blau, P.S.C., Cold Spring, for appellant.

David B. Sloan, O'Hara, Ruberg & Taylor, Covington, for appellee.

Before DYCHE, HOWERTON and STUMBO, JJ.

DYCHE, Judge.

Appellant initiated this action to recover money damages for the injuries he received when he broke into appellee's burning home to rescue her children, whom he thought were inside the dwelling. The fire was started by an electrical overload caused by the use of multiple electric space heaters on the same circuit. No one was actually inside the dwelling at the time of the fire.

The case was tried to a jury for two days; the jury found, by interrogatory, that appellee had not failed to exercise ordinary care in the operation of the heaters. From a judgment based on this verdict Gary Waibel now appeals.

Waibel's cause of action was based on the "rescue doctrine," recognized by our highest court in *Taylor Coal Co. v. Porter's Administrator*, 164 Ky. 523, 175 S.W. 1014 (1915).

> The rescue doctrine provides generally that one who is injured in reasonably undertaking a necessary rescue may recover from the person whose negligence created the situation necessitating the rescue. Under the rescue doctrine, a negligent actor, whose conduct threatens harm to the person or property of another may, subject to certain conditions, incur liability to a party who is injured in an attempt to rescue the imperiled person or property from the threatened harm, on the theory that the negligence of the actor is the proximate or legal cause of the rescuer's injury.

Haynes, *Kentucky Jurisprudence* § 30–4(d) (1988).

On appeal, Waibel raises five allegations of error. He first claims that it was error for the assistant fire chief to be allowed to testify that, in his opinion, the

"average housewife" would not know that it was hazardous to plug two electric space heaters into one duplex receptacle. We find no error in such testimony. The assistant chief was qualified as an expert, and was competent to testify concerning fires, their origins, and the knowledge and behavior of the general public as related to such matters.

■ Appellant next complains that the trial court erred by instructing the jury on comparative fault, claiming that the rescue doctrine's origins as a mitigating factor for contributory fault would forbid such instruction. Although it is true that the rescue doctrine had its origins when contributory negligence was a complete bar to a plaintiff's recovery, it also is useful under comparative fault in determining causation. We find the following discourse to be persuasive:

It has generally been held that the rescue doctrine serves a dual purpose: first, to establish the causal connection between the defendant's negligence and the plaintiff's injury, and second, to eliminate the absolute defense of contributory negligence. Now that Florida has abolished contributory negligence, the rescue doctrine is no longer needed to allow a rescuer to recover in spite of his contributory negligence, but there is no logical reason why the principles of comparative negligence should not apply in a rescue case....

Although no longer necessary to relieve a rescuer from the absolute bar of contributory negligence, the rescue doctrine is still applicable to establish that the defendant's negligence was the proximate cause of the plaintiff's injury. A basic principle of the doctrine is that where the defendant has created a situation of peril for another the defendant will be held in law to have caused the peril not only to the victim but also to his rescuer, and so to have caused any injury suffered by the rescuer in his rescue attempt.

*Ryder Truck Rental, Inc. v. Korte,* 357 So.2d 228, 230 (Fla.Dist.Ct.App.1978) (citations omitted).

In the present case, the jury found that appellee had breached no duty to appellant; she was not the cause of his injuries.

■ Waibel's third assignment of error deals with the admission of testimony which proved that appellee's children were elsewhere during the fire in their home, and there was therefore no one to be rescued. Although the finding that appellee exercised ordinary care makes this issue moot, we do observe that

It has often been held that in order to justify one in risking his life or serious injury in rescuing another person from danger, the peril threatening the latter must be imminent and real, and not merely imaginary or speculative. There must be more than a mere suspicion that an accident to some person may follow if a rescue is not performed.

57A Am.Jur.2d *Negligence* § 1086 (1989) (footnotes omitted). The testimony was relevant to show the reasonableness of appellant's rescue attempt.

■ Appellant claims next that appellee was negligent as a matter of law, and that he should have been granted a directed verdict. We disagree, as did the trial court and jury.

■ Appellant's final argument deals with the trial court's refusal to admit into evidence a set of "directions" for a heater, and to allow appellee to be examined on the contents thereof. Appellee argued, and the trial court agreed, that the document had not been properly authenticated as being the same as appellee had received with her heater, and that there was therefore insufficient foundation laid to admit the document. We agree. The trial court's ruling was correct.

The order and judgment of the Campbell Circuit Court is affirmed.

All concur.