PER CURIAM.
The appellant challenges an order of the Department of Financial Services imposing a penalty on appellant for the failure to provide certain of its workers with workers’ compensation coverage. The appellant raises three issues on appeal, only one of which has merit.
I. BACKGROUND
Florida law requires any company performing construction to secure the payment of workers’ compensation. See §§ 440.10; 440.38, Fla. Stat. (2005). The litigation underlying this appeal was commenced pursuant to section 440.107, Florida Statutes and Rule Chapter 69L, Florida Administrative Code, when an investigator for the Department of Financial Affairs, Division of Workers’ Compensation, visited the office premises occupied by Twin City Roofing Specialists, Inc., in Jupiter, Florida. After determining that Florida workers’ compensation coverage was not secured for a number of Twin City’s employees, the investigator issued and served a Stop-Work Order and Order of Penalty Assessment, and a Request for Production of Business Records for Penalty Assessment Calculation to Twin City Roofing. The Request asked Twin City Roofing to produce certain records that it is re *565 quired to maintain pursuant to Rule 69L-6.015, Florida Administrative Code. The Request was limited to the period October 25, 2004, through July 8, 2005, inclusive. Twin City Roofing failed to provide the requested records.
The case went to a formal hearing before an administrative law judge (ALJ). On August 30, 2006, the ALJ issued her recommended order. In a section headed “Identification of Twin City’s employees,” the ALJ found that five persons (Mr. Geisen, Ms. Geisen, Mr. Willett, Mr. Colborn, and Mr. Benegas) were “imputed to be employees of Twin City for the period extending from October 24, 2004, through July 8, 2005.” The ALJ recommended imposing a penalty for the failure to provide workers’ compensation coverage for those employees for the period at issue. On November 22, 2006, the Department issued a Final Order that rejected all but one of Appellant’s exceptions (which involved a scrivener’s error), and accepted the Recommended Order. The appellant filed a timely notice of appeal.
II. ANALYSIS
A. Penalty assessed for Ms. Geisen
In its first claim for relief, the appellant asserts that the Department erred when it calculated a penalty based on appellant’s failure to provide workers’ compensation coverage for Ms. Geisen, when it was undisputed that Ms. Geisen was a “volunteer” for whom no workers’ compensation coverage was required. The basis for the Department’s conclusion that the employer had to provide workers’ compensation coverage for Ms. Geisen was that the employer admitted in response to a request for admissions that Ms. Geisen was “employed” by the employer during the period in question.[1]
Although matters admitted during discovery in administrative litigation can furnish the basis for a finding of fact, see Fla. Admin. Code R. 28-106.206 (Florida Rules of Civil Procedure regarding discovery are applicable in administrative proceedings); Fla. R. Civ. P. 1.370(b) (if a party admits a matter in response to a request for admission then that matter is “conclusively established unless the court on motion permits withdrawal or amendment of the admission”); see also Holland v. CSX Transp., Inc., 583 So.2d 777 (Fla. 2d DCA 1991) (holding that an admission made in response to a request for admissions “conclusively establishes the fact admitted”), here, we conclude the admission that Ms. Geisen was “employed” was not an admission that she was an “employee” for whom workers’ compensation coverage had to be provided. An employer is required to provide workers’ compensation coverage for those who qualify as an “employee” as defined in section 440.02(15). That section defines an employee as anyone who received remuneration. Volunteers are specifically excluded from the definition of an employee. Pursuant to section 440.02(15)(d)(6), “[a] person who does not receive monetary remuneration for services is presumed to be a volunteer.” The parties stipulated, as a matter of law, that Twin City was not responsible for providing workers’ compensation coverage for individuals providing services to Twin City on a gratuitous basis.
During the hearing, the uncontro-verted evidence established that Ms. Geisen was a volunteer who did not receive any *566 remuneration for her work. The ALJ even found, as a matter of fact, that Ms. Geisen was not paid. Therefore, that portion of the order assessing a penalty for the failure to provide Ms. Geisen with workers’ compensation coverage is reversed. Cf. Wade Bradford Grove Serv., Inc. v. Bowen Bros., Inc., 382 So.2d 719 (Fla. 2d DCA 1980) (when a conclusion is in conflict with unrebutted testimony, it is not supported by competent, substantial evidence in the record).
B. Imputed Payroll
The appellant also asserts on appeal that the Department improperly imputed payroll to two employees (Mr. Geisen and Mr. Willett) for periods when the employees were not engaged in work in Florida. Specifically, the appellant asserts that the payroll imputed to Mr. Geisen and Mr. Willet should only include the period of the employer’s noncompliance, and thus, the Department erred when it imputed income' to Mr. Geisen and Mr. Willet for the entire period of October 24, 2004, through July 8, 2005, when one of appellant’s employees testified that Mr. Geisen and Mr. Willett each only worked in Florida for half of that period of time.
The requirement that all employers engaging in work in the State of Florida secure payment of workers’ compensation for their employees is enforced through section 440.107, Florida Statutes, which gives the Department broad powers to investigate employers, to halt any work where employers are not complying, and to assess penalties on those who do not comply. The legislature has recognized that in order to enforce compliance with the requirement to secure the payment of workers’ compensation, companies would have to maintain business records and produce them to the Department upon request. § 440.107(3), Fla. Stat. (2005). The Department, pursuant to section 440.107, Florida Statutes, has implemented its own rules requiring employers to keep detailed employment records and to hand them over when requested. See Fla. Admin. Code R. 69L-6.015. When, as here, an employer refuses to provide business records, the Division is required to impute the missing payroll for the period requested in order to assess the penalty. § 440.107(7)(e), Fla. Stat. (2005).
C. Classification Code
Finally, the appellant challenges the Department’s use of the “roofing” classification code when calculating the penalty. However, as noted above, the appellant failed to produce any of the business records as required by section 440.107(3), Florida Statutes, and rule 69L-6.015. Rule 69L-6.028(2)(d) states that when an employer fails to produce records sufficient to establish payroll, the imputed weekly payroll for each employee is calculated using the highest rated workers’ compensation classification code associated with the employer’s business, unless the employer’s records demonstrate the assignment of an alternative workers’ compensation classification code. Here, competent, substantial evidence was introduced that Twin City engaged in roofing. The appellant also failed to produce any business records indicating that the employees in question engaged in non-roofing related activities. Thus, the Department did not err when it used the highest rated classification code for “roofing” when calculating the penalty assessment.
Conclusion
Accordingly, the Department’s order is reversed to the extent it assesses a penalty on appellant for the failure to secure workers’ compensation coverage for Ms. Geisen. Otherwise, the order on appeal is affirmed.
*567 REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
WEBSTER, PADOVANO, and POLSTON, JJ., concur.

. In discovery the Division asked Twin City to admit the following facts: “During the time period Respondent employed James Geisen, Karen Geisen, Jeff Willett, Aaron Colborn, Jimmi Benagas and Jaime Andrade.” Appellant responded: "Denied that Twin City employed Jaime Andrade,- otherwise admitted.”