SCHWARTZ, Senior Judge,
dissenting.
I dissent because I disagree with the majority that the applicability of the rescue doctrine was not properly before the lower court or this one; and as a matter of substance, a jury could find that it applies to the facts of this case.
Menendez did not, as the majority holds, forgo reliance on the issue by failing specifically to plead or otherwise invoke it. This is because the rescue doctrine is simply a gloss on or an aspect of questions of legal causation and scope of duty which were raised, as in any negligence case, by the pleadings and arguments below. It provides that a violation of the defendant’s duty to another is, in a sense, extended to include a someone else engaged in a reasonable effort to save him from a danger created by the defendant’s negligence. See Reeves v. North Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002) (“The basic precept of the ‘rescue doctrine’ is that the person who has created a situation of peril for another will be held in law to have caused peril not only to the victim, but also to his rescuer, and thereby to have caused any injury suffered by the rescuer in the rescue attempt.”) (quoting N.H. Ins. Co. v. Oliver, 730 So.2d 700, 702 (Fla. 4th DCA 1999)). To put it another way, it puts the rescuer in the foreseeable zone of danger created by the defendant’s tortious acts. See McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). Thus, the rescuer’s actions become, as a matter of law, a link in the requisite causal chain between the tort and his injuries.
No matter how characterized, however, the doctrine is properly viewed as subsumed in the allegations of the complaint and answer as to negligence, duty and causation, and therefore need not be separately pled or explicitly referred to. See Beaupre v. Pierce County, 161 Wash.2d 568, 166 P.3d 712, 715 (2007) (rejecting contention that defendant waived application of the rule barring professional rescuers from recovering under rescue doctrine by not specifically raising the claim in its answer or disclosing reliance upon it in response to discovery requests: “the professional rescue doctrine is essentially a type of implied primary assumption of risk” thus “[the defendant’s] assertion of assumption of risk in its answer was sufficient to raise the professional rescue doctrine .... ”); Fox v. Travis Realty Co., 262 Ill.App.3d 1071, 200 Ill.Dec. 199, 635 N.E.2d 538, 541 (1994) (specifically rejecting in part contention that plaintiff had waived reliance on rescue doctrine by way of failing to raise the matter in the trial court: “We reject the argument ].... [T]he concepts engendered by the rescue doctrine may still be viable to allow a rescuer to state a cause of action .... ”); see also Ryder Truck Rental, Inc. v. Korte, 357 So.2d 228, 230 (Fla. 4th DCA 1978) (“Although no longer necessary to relieve a rescuer from the absolute bar of contributory negligence, the rescue doctrine is still applicable to establish that the defendant’s negligence was the proximate cause of the plaintiffs injury.”).
I believe that the cases holding that very similar concepts need not be specifically pled or invoked are highly persuasive to *1183 this effect. See Dunn Bus Serv. v. McKinley, 130 Fla. 778, 178 So. 865, 867 (1937) (“[T]he doctrine of ‘last clear chance’ is but one of many applications of the principle of ‘proximate cause’ to the facts of the particular case are cases as they arise.... Therefore the issue of fact as to whether the defendant had the last clear chance to avoid the collision and resulting injuries in this case was within the issues raised by the pleadings.”); Miller v. Ungar, 149 Fla. 79, 5 So.2d 598, 599 (1941) (“It is the duty of the court to charge the jury on all questions of law growing out of the facts insofar as they correspond to the pleadings. We have heretofore held that special pleadings are unnecessary to invoke the doctrine of last clear chance.”); Becker v. Blum, 142 Fla. 60, 194 So. 275, 275 (1940) (“It is not necessary that the doctrine [of last clear chance] be pleaded, if the situation warrants instructions thereon.”); Tropical Exterminators, Inc. v. Murray, 171 So.2d 432, 434 (Fla. 2d DCA 1965) (finding that although defendants did not raise loss of consciousness as an affirmative defense below, it was properly raised in the answer which generally denied any negligence, and “[t]he record, especially the defendant-employee’s deposition” showed that appellee’s contention that the issue was not raised in any manner could not be sustained.). See generally S. Fla. Coastal Elec., Inc. v. Treasures on Bay II Condo. Ass’n, 89 So.3d 264, 267-68 (Fla. 3d DCA 2012) (disagreeing with dissent that agency was not raised by the pleadings and finding that the defendant “invited the agency analysis through its own vague pleading of affirmative defenses” even though there was no mention or specific reference to any type of agency theory in the pleadings); Agrofollajes, S.A. v. E.I. Du Pont De Nemours & Co., 48 So.3d 976, 996 (Fla. 3d DCA 2010) (analyzing pleadings and determining that both the claim and defense were sufficiently evident from pleadings and record, and rejecting the theory that failure to plead a specific theory barred recovery).
The trial judge stated in the order on review:
Uncontroverted facts (all depos) establish Ms. Menendez was behind her mother and the therapist as gait training proceeded. She was not in the zone of danger until she dove in to cushion her mother’s fall. While commendable, the action does not create a duty on the part of the defendant when she places herself into the zone of danger as the risk occurs. The breach alleged is failure to control the mother in gait training. The zone of danger only encompassed those exposed to risk due to a potential breach. At all times prior to the incident, Ms. Menendez (daughter) was not in the zone of danger so no breach of duty to her.
This is an excellent description of what the rescue doctrine exists to and does prevent and why it should apply here.
Viewed, as required, in the light most favorable to the plaintiff, see Conley v. Morley Realty Corp., 575 So.2d 253, 256 (Fla. 3d DCA 1991), the record amply demonstrates the applicability of the doctrine as a matter of law to the controlling facts. These are the two factors, and the only two, upon which the propriety of summary judgment is determined. See Fla. R. Civ. P. 1.510(c) (“The judgment sought shall be rendered forthwith if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.) (emphasis added); Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001) (concluding that evidence raised a disputed issue of material fact as to whether application of exception to rule of immunity was appropriate). The failure to use *1184 some magic words cannot justify the contrary result reached below. See Reeves v. North Broward Hosp. Dist., 821 So.2d 319 (Fla. 4th DCA 2002); Schwartz v. Hughes Supply, Inc., 537 So.2d 190 (Fla. 2d DCA 1989); Zwinge v. Hettinger, 530 So.2d 318 (Fla. 2d DCA 1988); Ryder Truck Rental Inc. v. Korte, 357 So.2d 228 (Fla. 4th DCA 1978); Newsome v. St. Paul Fire and Marine Ins. Co., 350 So.2d 825 (Fla. 2d DCA 1977).
I would reverse.